## STATE v JAMES et

Common Pleas Court, Wood Co

Decided September 22, 1934

Raymond E. Ladd, prosecuting attorney, and Elmer G. McClelland, assistant prosecuting attorney, Bowling Green, for the state.

Silas E. Hurin, of Toledo, for defendants.

## OPINION

By COPELAND, J.

This cause was submitted to the court on August 24, 1934, upon motion of defendants for leave to withdraw their demurrer to the indictment, and for leave to withdraw their pleas of not guilty made upon arraignment.

Counsel are familiar with the several hearings on motions, plea in abatement, demurrer, etc., filed in this case before this court came on the scene of action. Suffice it to say, that defendants' motion to quash the indictment was not sustained, their plea in abatement to the indictment was denied, and their demurrer to the indictment was overruled; that following the overruling of demurrer, the defendants, on arraignment, pleaded not guilty; and that defendants have prosecuted error to the Court of Appeals from the action of the Common Pleas judge denying defendants' plea in abatement.

Motions to withdraw pleadings or pleas to an indictment are not unusual. However, the reasons assigned by counsel for defendants are unusual. It it not a question of the court's abusing its discretion, or ignoring well recognized practice. If defendants were seeking leave of court to withdraw demurrer and pleas for the purpose of interposing other pleas or filing other pleadings, provided for by the criminal code, a different question would be presented to the court.

"The withdrawal of pleas, is a well recognized practice in Ohio. But it should rest upon well settled and irrevocable principles of justice, with a due right to existing conditions." **Vol. 12, O. Jur., Par. 249, page 262.**

As the court views the situation and existing conditions, defendants' motion for leave to withdraw their demurrer and pleas of not guilty, **because of error being prosecuted from the action of the Common Pleas Court in denying defendants' plea in abatement, and because demurrer and pleas are alleged to have been inadvertently filed in violation of the provisions of §13440-1 GC,** presents purely a legal question, and while that question is to be determined by the Court of Appeals in the error proceedings prosecuted on the ruling of the trial court in re plea in abatement, yet by force of circumstances the same question is presented to this

court for its determination, and this court should not dodge or side-step it. And that question is:

**Was the action of the Common Pleas Court in denying defendants' plea in abatement a final order from which error may be prosecuted?** If so, then defendants' motion should be sustained. But if such action of the trial court is not a final order from which error may be prosecuted, then defendants' motion should be overruled.

Court and counsel agree that in criminal cases error may be prosecuted from a judgment or final order of an inferior court to the Court of Appeals, as is provided by §13459-1, GC.

But was the action of Judge Conn in denying defendants' plea in abatement a final order?

It is true that the words or phrase **"such arraignment shall be made immediately after disposition of exceptions to the indictment,"** were added to the section upon the adpotion of the new criminal code, and perhaps for a purpose. But this court is inclined to believe that counsel for defendants have missed the purpose and are placing the emphasis upon the wrong word or words. It is more reasonable to believe that what the legislature intended or meant to emphasize was **prompt action in criminal procedure,** rather than to let down the bars for indefinite delays. This court is of the opinion that the emphasis should be on the word "immediately". Such arraignment shall be "immediately", etc. And let it be understood that prompt action in criminal procedure is not to persecute the innocent, but rather that the guilty should not escape. The innocent have nothing to fear.

Again, it is more reasonable to believe that the legislature was attempting to regulate criminal procedure by providing that arraignment shall follow disposition of exceptions to the indictment, rather than to require the accused to be arraigned and enter a plea, then later seek permission of the court to withdraw such plea for the purpose of pleading interlocutory, as was done under the old procedure.

If counsel for defendants be correct in their contention that the words "after disposition of exceptions to the indictment", means "after the Court of Appeals has taken final action", then they might well go farther and claim that error proceedings could be prosecuted on the action of the trial court in overruling motion to quash, or demurrer or any other interlocutory plea, including trial by jury on sanity of defendant, before proceeding to the trial of the case. And certainly the legislature had no such intention in mind.

It is the opinion of this court that the words or phrase "after the disposition of exceptions to the indictment" in the absence of statutory provision, means, after disposition thereof by the trial court, and that it cannot be construed to give the accused the right to prosecute error from a ruling of the court denying a plea in abatement. Whether the plea in abatement be triable to a jury is immaterial. With that question this court is not concerned. But even if so, it would make no difference. There are other interlocutory pleas in criminal procedure which may be submitted to a jury from which error does not lie either before or after the accused's conviction. For example, the question of insanity. **Inskeep v State, 35 Oh St 482; 36 Oh St 145.**

Court and counsel agree that criminal procedure in Ohio is purely statutory. At least so says the Supreme Court of the state.

"Criminal procedure in this state is regulated entirely by statute, and the state has thus created its system of criminal law covering questions of crime and penalties, and has provided it own definitions and procedure." **Municipal Court v State, 126 Oh St 103.**

And again it was held:

"In the sense that it involves judicial action. the refusal to discharge a prisoner may be called a judgment; but we think a petition-in-error will no more lie to reverse it than to reverse any other order made by the Court of Common Pleas during the pendency of

a criminal proceeding, whether upon the application of a prisoner to be admitted to bail or upon his plea in bar, or in overruling his demurrer to the indictment, or refusing to quash it, **or whatever else might be done** affecting the rights of the prisoner, but still leaving the cause itself pending in that court." Johnson v State, Vol. 11, W. L. B. pages 54-56.

And in Corpus Juris we find:

"Although it is otherwise in some jurisdiction by statute, the general rule is that a judgment or ruling on a plea or answer in abatement is not final in the sense that it may be appealed from or reviewed on error or exceptions **before the final determination of the cause.**" Vol. 3, C. J., Par. 324, page 494.

Neither the case of **State v Cox, 87 Oh St 313**, nor the McNary case cited by counsel for defendants, are in point. In both of these cases the ruling of the trial court was adverse to the state, and, therefore, a final order. Error proceedings were prosecuted by the state under the specific provision of §13446-1-2-3-4. But, there is no statutory provision for error proceedings from the action of the trial court in overruling a motion to quash, or denying a plea in abatement, or in overruling a demurrer, because it is not a final order.

Filing an exception to indictment, such as motion to quash, or plea in abatement, or demurrer, are just steps along the way in criminal procedure. If error be committed by the court in overruling them, or any one of them, and they be not waived and proper exceptions be saved, the defendants are protected and may successfully complain at the proper time, viz.: after final judgment.

What is a **final judgment** in criminal procedure?

"In criminal prosecutions * * * with reference to what satisfies the requirement of finality it may be stated generally that no judgment will be regarded as **final unless it condemns the** **prisoner to be punished, and sets forth particularly the amount, duration and place of punishment."** 2 R. C. L. §29, pages 45, 46.

The printed report of the case of **Bogard v State** found in 9 Abs 436, may be a little confusing, but in the final analysis Judge Hornbeck said just what this court would have said, viz.:

"The decision on the demurrer was not a final order or judgment, as defined by §11582 GC, as it **does not conclude the rights of the parties as to the whole case or as to any branch** thereof."

Judge Conn's denial of defendant's plea in abatement not being a final order from which error may be prosecuted, and the procedure thus far followed in the instant case having been had in accordance with the provisions of §13440-1 GC, it is the opinion of this court that it would come nearer being a travesty on justice for the court to grant defendant's motion to withdraw their demurrer and pleas, for the reasons assigned, and thus open the way for endless delay in criminal procedure, than it would be an abuse of discretion by the court.

So holding, defendants' motion for leave to withdraw their demurrer and pleas is overruled. Exceptions saved.