## STATE v FEESER

Ohio Appeals, 2nd Dist, Darke Co

No 542. Decided June 14, 1938

Wilbur D. Spiedel, Greenville, for defendant-appellant.

Hugh A. Staley, Prosecuting Attorney, Greenville, for plaintiff-appellee.

## OPINION

By GEIGER, J.

This matter is before this court on an appeal from a judgment of the Court of Common Pleas based upon the verdict of the jury, finding the defendant guilty of the offense of selling and keeping intoxicating liquor in Darke County, Ohio in violation of the law.

On August 3, 1937, an affidavit of the

prosecuting attorney was filed in which it is alleged that Eva Feeser did sell beer at retail, to-wit, one bottle thereof, not then and there being the holder of a permit authorizing such sale in violation of §6064-54 GC.

On the same day and apparently a short time prior to the filing of the affidavit, an information was filed charging the same offense. The warrant was issued on the information and defendant was arrested and bond fixed and upon a plea of "not guilty", the trial was set for August 17, 1937.

On September 2, 1937, the cause came on to be heard upon the application of the prosecuting attorney to amend the information, which was sustained by the court and the prosecuting attorney, on his application, was ordered to file an amended information instanter. To this action in permitting the information to be amended, the defendant excepted and the cause was set for hearing on the first of October.

The amended information was filed September 2. 1937, charging that the defendant, in the county of Darke, did sell beer at retail, to-wit, one bottle thereof, not being then and there the holder of a permit authorizing the sale, and kept and had in her possession for sale to persons, other than authorized by law, beer, ale and other intoxicating liquors without having any permit which authorized the same.

A trial was had and the jury disagreed. A second trial was then had and the verdict was returned finding the defendant guilty of selling beer without permit and keeping for sale intoxicating liquor without permit in the manner as she stands charged in the indictment.

A motion for new trial was filed setting out eleven reasons therefor, which may be summarized as; against the manifest weight of the evidence and on insufficient evidence; the admission and rejection of evidence; error in the charge and (6) because the court erred in permitting the Prosecuting Attorney to amend the information by inserting therein a separate charge of having intoxicating liquors in possession for sale in addition to the charge of actual selling; and further error in submitting to the jury three forms of verdict, whereas, in the first trial only two forms had been submitted; error in refusing to sustain motion for the withdrawal of a juror because of misconduct of counsel for State; because of misconduct of the Prosecuting Attorney in arguing matters not in evidence for the purpose of inflaming the jury; for the overruling of a challenge; and for other errors.

An application was filed on December 20 1937, under the provisions of §13459-1 GC giving notice of the defendant's intention to appeal from the judgment of the court and the verdict rendered in making application for suspension of the execution of sentence to enable the defendant to carry the cause to the Court of Appeals.

On December 21, 1937, the defendant was sentenced to pay a fine of $1000.00 and to be imprisoned for a period of six months, it being provided, however, that after the service of four months and after having paid $100.00, the balance of the fine and jail sentence was suspended. On application the execution was suspended to permit the defendant to appeal to this court. Notice of appeal was given to appeal from the judgment of the Court of Common Pleas of Darke County, Ohio entered herein against her on the 13th day of December, 1937. Said appeal being upon questions of law.

The entry of December 13th, from which notice of appeal is given, was that overruling the motion for new █ trial, in which entry no sentence was imposed. The entry of December 21st was that in which the court imposed sentence and which entry was, as a matter of fact, the final order made by the Court of Common Pleas.

Entry filed December 13, 1937:

"This day * * * this cause came on to be heard upon the motion for a new trial heretofore filed herein by said defendant. The court, after being duly advised in the premises, find that said motion for a new trial is not well taken and should be overruled. It is, therefore, by the court considered, ordered, adjudged, and decreed that the motion for a new trial filed by said defendant be, and the same is, hereby overruled. * * *"

Entry filed December 21, 1937:

"This day * * * this matter came on to be heard for the court to pronounce sentence upon said defendant, the court having at a former day overruled the motion of the defendant for a new trial. * * *it is, therefore, the judgment of the court, and it is ordered, adjudged, and decreed that said defendant be and she is, hereby fined the sum of $1,000 and the costs of this prosecution, and she is hereby ordered imprisoned in the jail of Darke County, Ohio, for a period of six (6) months. * * * To which action of the court in sentencing said defendant, said defendant by her counsel excepts."

This is an appeal in a criminal case and all the sections of the statute for appeals in civil cases are not pertinent. However, we think we may well call attention to §12223-2 GC, of the Civil Code, which defines a "final order":

"An order affecting a substantial right in an action when in effect it determines the action and prevents a judgment, and an order affecting a substantial right * *. * is a final order which may be reviewed * * *."

Sec 12223-5 GC provides:
"The notice of appeal shall designate the order, judgment or decree appealed from and whether the appeal shall be on questions of law or questions of law and fact."

In a criminal case, of course, the appeal is upon questions of law.

In the chapter in relation to appeals in criminal cases, we find.

"Sec 13459-1 GC. In a criminal case * * * the judgment or final order of a court or officer inferior to the Court of Appeals may be reviewed in the Court of Appeals * * *."

Sec 13459-3 GC (effective January 1, 1936) provides:
"The proceedings to review such judgment or final order shall be by appeal which shall be instituted by filing notice of appeal with the court rendering such judgment or order and with filing a copy thereof in the Appellate Court where leave to appeal must be obtained * * *."

Sec 13459-4 GC provides:
"Such appeal, unless otherwise provided, may be filed as a matter of right within thirty days after sentence and judgment. After thirty days from such sentence and judgment, such appeal may be filed only by leave of the court or two of the judges thereof."

We are of opinion that the civil section defining what is a final order furnishes a correct definition of a final order in a criminal case and we are further of the view that the phrases "judgment or final order" found in §13459-1 GC and "judgment or order in §13459-3 GC contemplates only such final orders as are de-

fined in §12223-2 GC and that a "judgment" to be reviewable must be such a judgment as is in fact a final order and the notice of appeal spoken of in §13459-3 GC must be notice of appeal from a judgment which is a final order.

We are also of opinion that the provisions of §13459-4 GC where the words "sentence and judgment" are used contemplate a "final order."

The amendment of §12223-2 GC, effective August 23, 1937, which makes an order setting aside a general verdict a final order, does not mention an order overruling such motion, which is the order in this case and therefore such amendment does not apply.

The notice given by the defendant of her intention to appeal from the judgment entered against her on the 13th day of December 1937, confines her appeal to the judgment made on that date and may not be considered as an appeal "as a matter of right" from the sentence and final judgment of December 21, 1937.

The following citations relating to civil actions are equally applicable to criminal cases.

In the case of Conord v Runnels, 23 Oh St 601, it is held:

"1. An order of court granting or overruling a motion to set aside the verdict of a jury and grant a new trial, is not a final judgment or order for the reversal of which a petition in error can be prosecuted before the final disposition of the case.

"2. A motion for a new trial is addressed to the sound discretion of the court. and where such a new trial has been allowed and had, the order allowing it cannot be assigned as error."

In the case of Smith v Bailey, 26 Oh St 1, speaking of motions for new trial, it is stated:

"* * * and as such motions are addressed to the discretion of the court, its rulings thereon cannot be assigned for error. unless where the material facts are admitted, or found by the court, or where there has been a manifest abuse of discretion."

In the case of Young v Shallenberger, et. 53 Oh St 291, at 301:
"It has long been settled in this state, that an order of the court granting or overruling a motion to set aside the verdict of a jury and grant a new trial, is not a final judgment or order, for the reversal of which

error can be prosecuted, before the final disposition of the case." **Conord v Runnells,** supra, is quoted.

See **Horseman v Horseman, 85 Oh St 437,** where it is ordered that:

"The judgment of the said Circuit Court be and the same hereby is reversed because the order setting aside the verdict of the jury is not a final order from which error can be prosecuted."

See 22 O. J. 90—§45, et seq.

We will not burden the record with further citations which sustain this view, except the case of **Webster v Pullman, 51 Oh Ap 131,** where it is held:

"The ruling of a trial court granting a motion for a new trial is a final order from which error may be prosecuted to the Court of Appeals where the granting of such motion constitutes an abuse of the trial court's discretion."

This is an interesting case in which it is held that if the trial court abuses its discretion in either sustaining or overruling the motion for a new trial, that the action of the court in such an event is a final order from which error may be prosecuted. The court holds that it is its duty to examine the record to ascertain if there has been a gross abuse of discretion.

We do not wish it to be understood that we unqualifiedly approve the judgment of the court in Webster v Pullman.

We arrive at the conclusion that in this case there has been no notice of appeal from any final order made in the court below, and that therefore the appeal has not been perfected, and no case is before us for adjudication. However, we are admonished that a possible abuse of discretion upon the part of the court in overruling the motion for new trial might be disclosed by the bill of exceptions. We are also solicitous that no litigant should be denied a review in this court, if it is possible to afford them such review.

With this in thought, we have read the bill of exceptions and find not only that there has been no abuse of discretion by the court, but that the evidence is clear that the defendant is guilty as she stands charged, not only of selling, but of having in possession for sale intoxicating liquors, in violation of the statute. We do not think that the action of counsel for the state deprived the defendant of any of her rights.

If we were to grant to her a new trial she would obtain it only upon account of purely technical errors which have nothing to do with her ultimate guilt.

We, therefore, are at liberty, without doing violence to her rights, to refuse to consider the case because of failure to perfect her appeal.

Judgment accordingly.

BARNES, PJ, and HORNBECK, J, concur.