**KELLEY, Plaintiff-Appellee, v. KELLEY, Defendant-Appellant.**

Ohio Appeals. Second District, Franklin County.

No. 3694. Decided February 28th, 1944.

Charles R. Doll, Columbus, for plaintiff-appellee.
Fred W. Postle, Columbus, for defendant-appellant.

## OPINION

By GEIGER, J.

This is an appeal from the decision of the Court of Common Pleas of Franklin County, Ohio, in a divorce case.

The assignment of errors is to the effect that the judgment entered by the Court of Common Pleas of Franklin County, Ohio, Division of Domestic Relations, on the 1st day of December, 1943, is erroneous and against the just rights of this appellant in the following respects:

(1) The judgment of the Court is contrary to law.

(2) The judgment of the Court should have sustained the demurrer of the defendant-appellant.

The notice of appeal and the assignment of errors refer to a judgment of the Court of Common Pleas made on the 1st day of December, 1943. The record does not disclose any judgment under this date. There is, however, an entry of the Court of Common Pleas dated December 4, 1943, and filed in the Court of Common Pleas as of December 6, 1943. We assume that its designation as of December 1, 1943, is an inadvertent error, which under the liberal rule of the Supreme Court may be corrected by amendment. We will, therefore, consider the

entry as of December 4th or 6th, as being the judgment of the Court from which an appeal is taken.

The entry is as follows:

"This cause came on to be heard upon the demurrer of the defendant to the petitionn of the plaintiff, was argued by counsel and submitted to the Court; on consideration where-of the Court finds said demurrer not to be well taken and overrules the same. Exceptions by the defendant. Leave is granted to the defendant to plead within ten days."

The petition which gives rise to the questions here presented was that of Ethel M. Kelley v Edward R. Kelley. The petition makes the usual formal allegations and continues:

"The defendant has been guilty of gross neglect of duty and of extreme cruelty toward plaintiff, and this has continued for many years, last past, all of which will be made to appear on a trial of the merits. As the result of the conduct of the defendant, plaintiff has become a nervous wreck, and living with him has become unbearable."

To this petition a demurrer was filed on the ground that it does not state a cause of action, and that it merely states conclusions.

We have frequently had before these abbreviated petitions for divorce wherein counsel for plaintiff merely pleads the ground set up in the statute, without giving any details which, if proved, would sustain the allegations. We wish to register our condemnation of such forms of pleading. The defendant is entitled to know the facts upon which the action is based, other than the naked statement that he is guilty of extreme cruelty or other statutory offenses. This form of pleading saves no time in that it gives rise to the contention upon the part of the defendant, either that the petition is demurrable, or subject to a motion to make more definite and certain. If the pleader would state the facts which he claims constitute his cause of action, the matter could proceed without the delay incident to this abbreviated and inartistic form of pleading.

However, the matter is before us and there are, in our judgment, two very good reasons for the conclusions which we shall reach.

We feel safe in following the case of **Seibel v Seibel, 30 Oh Ap 198,** by the Court of Appeals of Hamilton County. It is there held:

"(1) Petition for divorce alleging statutory grounds of extreme cruelty and gross neglect of duty toward the plaintiff stated cause of action, without necessity of pleading facts constituting grounds.

"(2) Where petition is indefinite and uncertain, trial court, upon proper motion to make definite and certain, filed by adverse party, may in his discretion grant motion."

We entertain no doubt that the trial court would have granted motion if the same had been made, but appellant's counsel saw fit to file a demurrer which was overruled, and which is the basis of this appeal.

We overrule the first assignment and hold that the judgment of the Court in overruling the demurrer was not erroneous.

The second ground upon which we base our conclusion is that §12223-2 GC, which defines what is a final order states:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, or an order affecting a substantial right made in a special proceeding, * * * is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial, as provided in this title."

We have frequently held that the sustaining or overruling of a demurrer is not a final order unless subsequent to that action of the Court there be some proceeding which determines the action.

In the case at bar, the Court overruled the demurrer of defendant and granted leave to the defendant to plead within ten days. There is no ground for appeal to this Court from such order of the trial court. A large number of cases may be found under paragraph 20, "Demurrer, ruling on", under §12223-2 GC.

Appeal dismissed; cause remanded.

BARNES, P. J., and HORNBECK, J., concur.