BELL, APPELLEE, *v.* BELL, APPELLANT.

(No. 4477—Decided May 29, 1950.)

*Mr. Joel S. Rhinefort* and *Mr. O. C. Clement,* for appellee.

*Mrs. Eva Epstein Shaw* and *Mrs. Jane Meyers Sutter,* for appellant.

CARPENTER, J. This is an action to contest the will of Emily Bell who died February 26, 1945. The will was admitted to probate March 9, 1945, and the petition herein was filed March 12, 1945. Mildred May Bell was the only defendant named and served with summons. It is alleged in the petition that "letters testamentary thereon were issued by said court to the defendant, Mildred May Bell, as the sole executor thereof who thereupon qualified." On February 17, 1947, by interlineation, the name of Mildred May Bell, as executrix of the last will and testament of Emily Bell, was inserted in the caption of the petition as a party defendant, and, as such, summons was served upon her.

Two demurrers were filed to the petition by the defendant, Mildred May Bell, and one by her as executrix. The grounds of all the demurrers were that there was a defect of parties defendant in that the executrix was not made a party and as to her the action was not brought within six months after the will had been admitted to probate, as required by Section 12087, General Code.

The demurrers were overruled on April 6, 1949. From that order this appeal was taken by Mildred May Bell.

A motion to dismiss the appeal is presented by plaintiff, contending that that order was not a final order as defined by Section 12223-2, General Code, which provides, in part, as follows:

"An order affecting a substantial right in an action when in effect it determines the action and prevents a judgment, or an order affecting a substantial right

made in a special proceeding * * * is a final order which may be reviewed * * *.''

This statute is in the same form as when enacted as Section 512 of the civil code (51 Ohio Laws, 145).

In *Holbrook* v. *Connelly,* 6 Ohio St., 199, a demurrer to the petition was overruled, defendant answered and a demurrer to the answer was sustained. Defendant sought to prosecute error from those orders. The court, in a *per curiam* opinion, said:

''No *final order,* within the meaning of 512th section of the Code of Civil Procedure, is shown to have been made. It does not appear that either of the decisions made '*in effect determined the action and prevented the judgment.*' For aught that appears, the defendant may yet succeed in his defense to said action. The record, therefore, discloses no foundation for a proceeding in error.''

That language is equally apropos to the case at bar.

In *Betz* v. *Industrial Commission,* 139 Ohio St., 624, 41 N. E. (2d), 701, citing *Holbrook* v. *Connelly,* the court ordered the dismissal of an appeal on similar facts.

The Court of Appeals of the Second Appellate District has had this proposition before it in several cases: *Suiter* v. *Suiter,* 74 Ohio App., 44, 57 N. E. (2d), 616; *Kelley* v. *Kelley,* 74 Ohio App., 225, 57 N. E. (2d), 791; *Spangler* v. *U-Drive-It Co.,* 84 N. E. (2d), 296; *Fornoff* v. *Ehlert,* 85 N. E. (2d), 308.

The only authority cited by defendant-appellant in opposition to the motion to dismiss is *Czech Catholic Union* v. *East End Bldg. & Loan Assn.,* 140 Ohio St., 465, 45 N. E. (2d), 300. That was an action started by creditors of the defendant association against it and its stockholders to enforce their superadded liability. Later the Superintendent of Building and Loan Asso-

ciations took over the association for liquidation and was made a party defendant in the action and filed a demurrer to the petition on the ground that, as superintendent, under the statute, he had the exclusive right to enforce that superadded liability. His demurrer was overruled and he appealed from that order. The appeal was dismissed by the Court of Appeals for the reason that the order appealed from was not a final order. Judge Zimmerman, in the Supreme Court opinion, said:

"While the general rule is that an order overruling a general demurrer is not a final order permitting appeal, a majority of the court is of the opinion that the order in controversy here did constitute a final order, because in effect it determined that the superintendent, after taking possession of the building and loan association for liquidation under the statutes, was precluded from enforcing the superadded liability against the stockholders."

Factually, that was an entirely different case from this one.

The motion to dismiss the appeal is granted.

*Appeal dismissed.*

CONN and FESS, JJ., concur.