THE STATE OF OHIO, APPELLEE, *v.* HIMLERICK, APPELLANT.

(No. 174—Decided May 6, 1954.)

*Mrs. Mary N. Snyder,* prosecuting attorney, for appellee.
*Mr. Benson L. Owens,* for appellant.

COLLIER, J. The Prosecuting Attorney of Jackson County, Ohio, filed on August 17, 1953, an information in the Common Pleas Court of that county, charging the defendant, appellant herein, with the offense of unlawfully operating a motor vehicle while under the influence of alcohol on August 15, 1953. When the defendant was arraigned, on this information, in the Common Pleas Court on August 17, 1953, he entered a plea in abatement in which he claims that, on August 16, 1953, an affidavit was filed in a justice of the peace court charging him with the same offense as that included in the information filed by the prosecuting attorney; that he entered a plea of guilty in the justice of the peace court, and a fine of $100, together with the costs, was assessed against him in that court; and that he should not be prosecuted further for the same alleged offense.

To the plea in abatement, the prosecuting attorney filed a demurrer which was sustained by the trial court, and it is from that ruling that the defendant attempts to perfect his appeal to this court.

The first question presented for our consideration is whether the trial court's ruling sustaining the demurrer of the state to the defendant's plea in abatement constitutes a judgment or final order from which an appeal may be taken. The Supreme Court of Ohio on March 17, 1954, in the case of *State* v. *Robinson,* 161 Ohio St., 213, 118 N. E. (2d), 517, decided the identical question. We quote from the opinion, by Lamneck, J., at page 215:

"Section 13459-4, General Code (Section 2953.05, Revised Code), provides that an appeal may be filed as a matter of right 'within thirty days *after sentence and judgment.*'

"This section fixes the time within which an appeal may be taken and was intended to apply primarily to appeals from trial courts. In its application to an appeal from a final judgment of a trial court, an appeal cannot be taken until after sentence. In *Cochrane* v. *State,* 30 Ohio St., 61, the court held that an error proceeding could not be prosecuted from the trial court until after a final determination of the case therein."

This has always been the rule in Ohio, that error proceedings do not lie in a criminal case before final judgment in such case. *Inskeep* v. *State*, 35 Ohio St., 482; *Kinsley* v. *State*, 3 Ohio St., 508; *State* v. *Clark*, 61 Ohio App., 156, 22 N. E. (2d), 458.

Criminal procedure in Ohio is purely statutory, and Section 13459-4, General Code (Section 2953.05, Revised Code), governing appeals in criminal cases, provides that:

"Such appeal, unless otherwise provided, may be filed as a matter of right within thirty days *after sentence and judgment.*" (Emphasis added.)

It has also been held, in *Whitlock* v. *State*, 21 Ohio Law Abs., 393:

"The overruling of a plea in abatement is not a final order from which appeal or error may be prosecuted."

See, also, *State* v. *James*, 33 Ohio Law Abs., 256, 3 Ohio Supp., 214, and for additional authorities see 2 Ohio Jurisprudence (2d), 604, Section 35, and the numerous cases cited in support of the text.

Our conclusion is that the ruling of the trial court sustaining the demurrer to the plea in abatement is interlocutory and lacks finality, that in this case there is no notice of appeal from a final order in the trial court, and that no case is before us for adjudication. We therefore dismiss the attempted appeal, *sua sponte*, at costs of the appellant, and remand this cause to the Common Pleas Court for further proceedings according to law.

*Appeal dismissed.*

GILLEN, P. J., and McCURDY, J., concur.