HUGHES, Plaintiff-Appellee, v. EVERETT, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 5214. Decided February 15, 1955.

Hamilton & Kramer, Donald M. Hamilton, Jr., and Malcolm H. Lindsey, of Counsel, Columbus, for plaintiff-appellee.

Joseph J. Bruzzese, Steubenville, for defendant-appellant.

HISTORY:—Motion to dismiss appeal on the grounds that there is no final order. Motion sustained. For further history see **Omnibus Index** in bound volume.

## OPINION

By THE COURT.

Submitted on motion of the plaintiff-appellee seeking an order dismissing the appeal for the reason that the order appealed from is not a final one. The record reveals that the petition stated a cause of action on an account to which a demurrer was filed based on the ground that the action was barred by the statute of limitations. The demurrer was overruled with leave to answer or plead further within a certain date. This is not a final order from which an appeal may be taken. See Collins v. Yellow Cab Co., 157 Oh St 311; Fornoff v. Ehlert, 53 Abs 96; 2 O. Jur. 2d, Sec 47, page 618. The appellant relies upon the case of the Czech Catholic Union v. East End Bldg. & Loan Assn., 140 Oh St 465, wherein the court held that the overruling of a demurrer constituted a final order affecting a substantial right because in effect it determined that the Superintendent of Building & Loan Associations was precluded from enforcing the superadded liability against stockholders. The Court stated that the order amounted to on absolute declaration that the Superintendent lacked the authority to maintain an action for the super added liability as a part of the liquidating process, thereby denying him

finally the exercise of that function. The cited case can be distinguished on the facts from the case at bar in that the appellant herein has been deprived of no rights except those pending in this action.

The motion will be sustained.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.