THE STATE OF OHIO, APPELLEE, *v.* HOLBROOK, APPELLANT.

(No. 1397—Decided September 20, 1957.)

*Mr. Joseph J. Cronin,* for appellee.
*Mr. Mitchell Shaker,* for appellant.

GRIFFITH, J. An affidavit was filed in the Municipal Court of Warren by a deputy sheriff charging the defendant with the crime of receiving stolen property. He moved for dismissal of the affidavit for the reason that the court had no jurisdiction, and demurred to it for the reason that the affidavit did not charge an offense.

A preliminary hearing was had. It appears from the bill of exceptions that there may be merit to defendant's contention that the court has over-reached its jurisdiction and also some question as to the sufficiency of the affidavit.

At the conclusion of the hearing, the judge overruled his demurrer and his motion to set aside the affidavit, bound him over to the grand jury, and fixed bond.

This appeal on questions of law is from the action of the judge of the Municipal Court in overruling defendant's demurrer and motion.

The question presented is whether the action of the judge is a final order from which an appeal may be taken.

Defendant contends that it is clearly apparent that the Municipal Court was without jurisdiction, that jurisdiction is a matter that may be raised at any time and he has raised it at the earliest possible opportunity, and that the order binding him over to the grand jury is wholly illegal.

Section 2953.02, Revised Code, provides that appeals may be taken from the Municipal Court to the Court of Appeals in criminal cases. It provides for a review of "a judgment or final order of a court * * * inferior to the Court of Appeals."

Section 2505.02, Revised Code, defines a final order as follows:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment * * *."

The principle applicable is stated in *Hoffman* v. *Knollman,* 135 Ohio St., 170, 181, 20 N. E. (2d), 221, wherein it held:

"Though this court has interpreted the term 'judgments'

so as to include 'final orders,' it has limited its application to acts or decrees of the court which give final effect to the central purpose or some independent branch of the litigation, finality being the touchstone in the determination of that quality.''

We think the rule of law applicable to the case at bar is well stated in *State* v. *Miller*, 96 Ohio App., 216, 121 N. E. (2d), 660, where it is held that an order overruling a motion to dismiss an indictment is not a final order from which an appeal may be taken.

In *State* v. *Himlerick*, 100 Ohio App., 476, 137 N. E. (2d), 297, the court uses the following language in the syllabus:

''1. An appeal on questions of law does not lie in a criminal action before final judgment in such case.

''2. The ruling of a trial court in a criminal action sustaining a demurrer to a defendant's plea in abatement is interlocutory and lacks finality: and an appeal may not be taken therefrom until after judgment and sentence.''

The action on the part of the judge in overruling the demurrer and the motion had none of the attributes of a final order or judgment. It was merely preliminary to a criminal proceeding.

Our conclusion is that the action of the Municipal Court in overruling the defendant's demurrer to the affidavit and in overruling his motion to dismiss the affidavit is interlocutory and lacks finality; that there is no notice of appeal from a final order in the trial court and nothing before us to consider and determine.

We, therefore, dismiss the attempted appeal at costs of the defendant, appellant herein, and remand the cause to the Municipal Court.

*Appeal dismissed.*

NICHOLS, P. J., and PHILLIPS, J., concur.