THE STATE OF OHIO, APPELLEE, *v.* ROBERTS, APPELLANT.
THE STATE OF OHIO, APPELLEE, *v.* ROBERTS ET AL., APPELLANTS.

(Nos. 545 and 546—Decided October 26, 1957.)

*Mr. Stanley H. Husted,* prosecuting attorney, for appellee.

WISEMAN, J. Appeals have been taken on questions of law from a judgment of the Common Peas Court of Clark County. The two appeals are in companion cases, and one opinion will suffice.

The defendants were indicted for a violation of Section 2907.21, Revised Code (larceny by trick), and, to the indictments, filed similar pleas in abatement. The court, for the purpose of disposing of the pleas, treated the matter as if demurrers had been filed. The court overruled the pleas. In the action against Tressie Roberts and John T. Roberts a motion to dismiss was filed, which was grounded on the claimed application of the "three-term" rule in Section 2945.72, Revised Code. The motion to dismiss was overruled. From the orders overruling the pleas in abatement and overruling the motion to dismiss, these appeals were taken.

The overruling of a plea in abatement is not a final order from which an appeal may be prosecuted. *Bogard* v. *State,* 9 Ohio Law Abs., 436; *Whitlock* v. *State,* 21 Ohio Law Abs., 393 (appeal dismissed by Supreme Court, *State* v. *Whitelock,* 131

Ohio St., 332, 2 N. E. [2d], 777); *State* v. *James,* 33 Ohio Law Abs., 256 (appeal to Court of Appeals dismissed); 2 Ohio Jurisprudence (2d), 624, Section 50.

Section 2953.02, Revised Code, which provides for a review of "judgment or final order" in a criminal case, and Section 2953.04, Revised Code, which prescribes the procedure to be followed in a review of a judgment or order in a criminal case, contemplate such final orders only as are defined in Section 2505.02, Revised Code. *State* v. *Feeser,* 27 Ohio Law Abs., 306; *State* v. *Miller,* 96 Ohio App., 216, 121 N. E. (2d), 660 (appeal dismissed by Supreme Court, 161 Ohio St., 467, 119 N. E. [2d], 618).

Section 2505.02, Revised Code (Section 12223-2, General Code), in part provides:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment * * * is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial."

In determining whether the orders appealed from are appealable orders, two criteria are involved: (1) The order must affect a substantial right, and (2) it must determine the action and prevent a judgment in favor of the party seeking review. A "substantial right" is a "legal right" within the meaning of this section. The rulings of the trial court on the pleas in abatement did not determine the action or prevent a judgment.

The same principle of law is applicable to the appeal in No. 546 with respect to the right of appeal from an order overruling the motion to dismiss. In *Hall* v. *Kroger Grocery & Baking Co.,* 64 Ohio App., 561, 29 N. E. (2d), 57, in a civil action, this court held that:

"An order of a trial court overruling a motion to dismiss a petition does not determine the action or prevent final judgment and is not a reviewable final order."

See 2 Ohio Jurisprudence (2d), 631, Section 56.

Inasmuch as Section 2505.02, Revised Code, is applicable to appeals in criminal cases, as well as civil cases, the same test would be applied as in civil matters.

The appeals not being taken from an appealable order, it

will be unnecessary to pass on the questions raised by the pleas in abatement and the motion to dismiss.

This court *sua sponte* dismisses the appeals.

*Appeals dismissed.*

HORNBECK, P. J., and CRAWFORD, J., concur.