THE STATE OF OHIO, APPELLEE, *v.* LENHART, APPELLANT.

(No. 306—Decided July 1, 1961.)

Mr. *James B. Patterson, Jr.*, prosecuting attorney, for appellee.

Messrs. *Crabbe & Tanner* and Mr. *Frank H. Marshall*, for appellant.

KERNS, J. This matter is before the court on the motion of the state of Ohio to dismiss the defendant's appeal.

On February 17, 1960, the Grand Jury of Madison County returned two indictments against the defendant, Patricia Ann Lenhart, and, thereafter, the offenses charged in the indictments were consolidated for trial.

Both indictments substantially follow the language of Section 4511.18, Revised Code, but conclude as follows:

"Contrary to Section 4511.19 of the Revised Code of Ohio, and against the peace and dignity of the state of Ohio."

Shortly before the jury was called into the courtroom to hear the case on April 3, 1961, the trial court, over the objection of the defendant, sustained a motion of the state to amend the indictments by substituting "Section 4511.18" for "Section 4511.19" and ordered the defendant to proceed to trial.

After the trial of the case, the jury was unable to agree upon a verdict, and the trial court, by entry dated April 5, 1961, discharged the jury and continued the case for reassignment.

On April 11, 1961, the defendant filed a notice of appeal to this court "from an order rendered by the Court of Common Pleas on the 3rd day of April, 1961, ordering the amendment of

the indictments herein by substituting in said indictments 'R. C. 4511.18' for 'R. C. 4511.19.' "

The state thereafter filed this motion to dismiss the appeal and thus raised the question of whether the order appealed from is final and appealable.

Ordinarily, rulings adverse to a defendant upon an attack upon an indictment cannot be reviewed by an appellate court prior to trial. 133 A. L. R., 935.

Section 2953.02, Revised Code, which provides for a review of a "judgment or final order" in a criminal case, and Section 2953.04, Revised Code, which prescribes the procedure to be followed in a review of a judgment or order in a criminal case, contemplate such final orders only as are defined in Section 2505.02, Revised Code. *State* v. *Roberts*, 106 Ohio App., 30; *State* v. *Miller*, 96 Ohio App., 216; *State* v. *Feeser*, 27 Ohio Law Abs., 306.

Section 2505.02, Revised Code, provides in part:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment * * * is a final order * * *."

In determining whether the order appealed from is final and appealable, two criteria are involved: (1) The order must affect a substantial right, and (2) it must determine the action and prevent a judgment in favor of the party seeking review. *State* v. *Roberts, supra.*

The order now under consideration does not determine the action or necessarily prevent a judgment for the defendant. Nor is the alleged error of such nature that it may not be preserved and presented to this court when and if there is an appeal of the entire cause.

Accordingly, the order appealed from is not final within the contemplation of Section 2505.02, Revised Code.

The motion to dismiss the appeal is sustained.

*Motion sustained.*

CRAWFORD, P. J., and SHERER, J., concur.