TRUNK, PLAINTIFF-APPELLEE, *v.* HERTZ CORPORATION ET, DEFENDANTS-APPELLANTS.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26825.   Decided August 20, 1964.

*Mr. Edward J. Kirk*, for plaintiff-appellee.
*Mr. John R. Crossen*, for defendants-appellants.

CORRIGAN, J. This is an appeal on questions of law from an order of the Common Pleas Court of Cuyahoga County overruling a series of demurrers filed by the several defendants-appellants to plaintiff-appellee's amended petition.

The plaintiff originally filed his petition for money only against The Hertz Corporation and Rosen Bakery, Inc. Service was perfected against both defendants, and trial on the merits of plaintiff's cause was subsequently had. A verdict of $750.00 was returned for the plaintiff and the trial court made the following order:

"It is ordered that Defendant Hertz Corp. be dismissed as a Defendant and that the name of Defendant Rosen Bakery, Inc. be changed to Richard W. Kaase Company upon the pleadings and process in this cause. The Clerk is ordered to index this cause under the name of Richard W. Kaase Company, Defendant. * * *."

Judgment was entered on the verdict against Richard W. Kaase Company, and an appeal was perfected to this court. The judgment of the trial court was reversed as being contrary to law for the reason that a new corporate defendant was substituted by the trial court without service of summons, and the cause was remanded for further proceedings against the original defendant Rosen Bakery, Inc. (Case No. 26381.)

The plaintiff proceeded to file an amended petition in the trial court in which he joined Richard W. Kaase Co., Kaase Bake Shops, Inc., and Rosen Bake Shops, Inc., as new parties defendants.

Subsequently, all of the defendants named in the amended petition filed demurrers thereto on the grounds that the plaintiff's cause of action, as alleged in his amended petition, was barred as to each defendant by the doctrine of res judicata and/or by Section 2305.10, Revised Code, which requires that an action for bodily injury shall be brought within two years after the cause thereof arose.

The Common Pleas Court overruled all of the demurrers, and the defendants were granted leave to plead. Instead of pleading further, the defendants filed their notice of appeal to this court on questions of law from the order overruling their demurrers.

The defendants' assignment of error is that the Common

Pleas Court abused its discretion in overruling their demurrers to the plaintiff's petition.

The first question before us is whether the overruling of defendants' demurrers to plaintiff's amended petition constitutes a final appealable order as contemplated in Section 6 of Article IV of the Constitution of Ohio and Sections 2505.02 and 2505.03, Revised Code.

The mere overruling or sustaining of a demurrer to a pleading, without more, leaves the action still pending in the lower court and is not a final appealable order and cannot be made the basis of an appeal on questions of law. *Betz* v. *Industrial Commission of Ohio*, 139 Ohio St., 624, 41 N. E. (2d), 701; *Campbell* v. *The Prudential Ins. Co. of America*, 97 Ohio App., 401, 126 N. E. (2d), 148; *Bell* v. *Bell*, 88 Ohio App., 427, 100 N. E. (2d), 88; *Kelley* v. *Kelley*, 74 Ohio App., 225, 57 N. E. (2d), 791; *Rappich* v. *Altermatt*, 81 Ohio Law Abs., 363 (App.), 161 N. E. (2d), 649; *In re: Estate of Kyle*, 70 Ohio Law Abs., 545 (App.), 129 N. E. (2d), 81; *Hughes* v. *Everett*, 71 Ohio Law Abs., 61 (App.), 129 N. E. (2d), 531; 2 Ohio Jurisprudence (2d), 618, Appellate Review, Section 47; Skeel, Ohio Appellate Law, Page 85, Section 182.

However, it has been recognized that under unusual circumstances the overruling or sustaining of a demurrer to a pleading can be a final appealable order. *Czech Catholic Union* v. *The East End Bldg. & Loan Assn.*, 140 Ohio St., 465, 45 N. E. (2d), 300; *Schindler* v. *The Standard Oil Co.*, 165 Ohio St., 76, 133 N. E. (2d), 336; Skeel, Ohio Appellate Law, Page 89, Section 187.

In the *Czech* and *Schindler cases, supra*, the factual situations were such that the order either overruling or sustaining the demurrers amounted to an absolute determination of the rights of the parties, and further pleading would be of no avail. For that reason the Supreme Court ruled that such orders were final and could be appealed.

It is interesting to note that in each of the above cases it was acknowledged that the holding was an exception to the general rule.

The situation presented to this court in the instant case is entirely different and is readily distinguishable from that in the *Czech* and *Schindler cases, supra*. Moreover, the defendants

make no claim that the situation here presented is controlled by those two cases.

The question then arises as to whether the defendants' claim of abuse of discretion makes an otherwise interlocutory order final and appealable.

The defendants assert that the Common Pleas Court's overruling of their demurrers to plaintiff's amended petition was an abuse of discretion and that such abuse, if found to exist, automatically makes the order a final one from which an appeal may be taken. However, counsel for defendants cites no authority to support that proposition, and we are unable to discover any.

A case which might seem to be the basis for such a holding is *Collins* v. *Yellow Cab Co.*, 157 Ohio St., 311, 105 N. E. (2d), 395. However, that case involved a demurrer to *interrogatories* attached to a petition, and the Supreme Court held that the overruling of a demurrer to interrogatories was not a final appealable order in the absence of a showing of abuse of discretion. The Supreme Court acknowledged that a trial court has discretion in the enforcement of answers to such interrogatories. It is apparent that an abuse of that discretion in rendering an order pertaining thereto would constitute such order appealable. The Supreme Court added that the ruling on a demurrer to interrogatories is akin to the granting of a new trial—admittedly not a final order unless an abuse of discretion is shown. But it must be remembered that a trial court has discretion in ruling on an application for new trial, and such discretion might be abused.

Discretion is the power exercised by courts to determine questions to which no strict rule of law is applicable, but which, from their nature and the circumstances of the case, are controlled by the personal judgment of the court. It cannot be exercised where a strict rule of law is applicable, as the term discretion implies the absence of any such rule. Where there is a clearly defined and well-settled applicable rule of law, the courts are bound to enforce the rule, and discretion in the matter does not exist. *State* v. *James Lewis*, 113 Or., 359, 230 P., 543.

It is clear that a court has no discretion when ruling on a demurrer to a petition but must decide the question according to law as set forth in Section 2309.08, Revised Code. It is

difficult to perceive how a trial court can abuse discretion which it does not have.

It must be concluded that the claim of abuse of discretion has no bearing on whether the overruling of a demurrer to a pleading is a final order, and that the overruling of defendants' demurrers to plaintiff's amended petition is not a final order upon which defendants can base their appeal.

Consequently, this court has no jurisdiction to hear such appeal, and it is hereby dismissed at appellants' costs, and the cause is remanded for further proceedings according to law.

KOVACHY, P. J., ARTL, J., concur.