The State of Ohio, Appellee, v. Cinema X Bookstore et al., Appellants.

(Nos. 5107, 5108, 5109 and 5110—Decided May 21, 1976.)

*Mr. William F. Hemmert,* prosecuting attorney, for appellee.

*Messrs. Karas & Nagle* and *Mr. R. Paul Perkins, Jr.,* for appellants.

McBride, J. The instant question arises upon motions to dismiss for the lack of a final order. Appellant has filed briefs on the merits asserting one assignment of error: the denial by the trial court of a motion to dismiss pursuant to R. C. 2945.73. The instant motions to dismiss raise the question whether such a refusal to dismiss by the trial court is a final, appealable order.

The facts as stated in appellant's brief are accepted, as follows:

The Defendant-Appellant, Roy H. Proplski, was served with summons in Case Nos. 75-CRB-6581 and 75-CRB-6625, as above referenced, on September 23, 1975.

The Defendant-Appellant, Cinema X. Bookstore, was served with summons in Case No. 75-CRB-6582 on September 23, 1975, and was served with summons in Case No. 75-CRB-6970, on October 5, 1975.

The Defendant-Appellants were subsequently arraigned on October 15, 1975, in Dayton Municipal Court, not guilty pleas having been entered with regard to each charge.

On October 21, 1975, the trial court, by Order filed sua sponte, declared that cases numbered 75-CRB-6970, 75-CRB-6582, and 75-CRB-6581, had not been reached for trial due to press of other business, and continued trial on same until January 2, 1975.

A Pre-Trial Conference on the cases was subsequently held on November 4, 1975.

On November 13, 1975, the trial court by Order filed sua sponte, declared that Case Nos. 75-CRB-6582, 75-CRB-6970, and 75-CRB-6581, had not been reached for trial "due to the press of other business" and continued the trial scheduled for January 2, 1976, to January 29, 1976. A similar Entry was filed in Case No. 75-CRB-6625, scheduling trial for January 29, 1976.

On December 4, 1975, Defendant-Appellant filed their Jury Demands in each case.

On January 9, 1976, Defendant-Appellants filed their respective Motions to Dismiss in each case, pursuant to the provisions of Section 2945.73(B), Ohio Revised Code.

On January 12, 1976, the trial court by Order filed sua sponte, ordered that the trial scheduled for January 29, 1976, in the four (4) cases be rescheduled to February 2, 1976, "pursuant to Defendants' Jury Demand."

The trial court by its Decision and Entry filed January 15, 1976, overruled Defendant-Appellants' Motion to Dismiss.

Defendant-Appellants filed their Notice of Appeal from the trial court's Decision and Entry on January 28, 1976.

The specifics of each entry of continuance appear with the filings in the docket and journal entries.

Every legislative change in the criminal statutes is initially a source of litigation as old precedents are reconsidered. It was not unexpected that the adoption of a complete new criminal code, mixed with procedural and remedial changes, would not only be unsettling but disruptive. A wholesale change of a complete body of the law provokes an anxiety to make changes effective overnight as though the effective date is a time to accomplish all new objectives immediately. This is not necessarily true with regard to procedural and remedial questions. *State* v. *Walker* (1976), 46 Ohio St. 2d 157.

These comments reflect the writer's experience on the appealability of an interlocutory order denying the dismissal of a criminal action under R. C. 2945.73. Only now, after a dozen cases and several published reports by other courts, has the dust begun to settle. It appears that the amendments to R. C. 2945.71 and 2945.73 do not change the "one trial-one appeal" rule that exists in Ohio.

The direct question in this case does not appear to have been resolved by the Supreme Court. However, its language in recent cases arising in special remedies points out that issues arising on speedy trial motions cannot be resolved through mandamus or habeas corpus because there is an adequate procedure by way of an appeal from a *conviction. State, ex rel. Woodbury,* v. *Spitler* (1974), 40 Ohio St. 2d 1; *State, ex rel. Wentz,* v. *Correll* (1975), 41 Ohio St. 2d 101; *State, ex rel. Bell,* v. *Blair* (1975), 43 Ohio St. 2d 95. The latter case points out that appellant has an adequate remedy in the ordinary course of the law to contest the trial court's overruling of his motion to dismiss.

Appellant relies upon *State* v. *Pudlock* (1975), 44 Ohio St. 2d 104, a strongly worded case, which did not involve the instant question (because it was an appeal from a conviction) and it specifically avoided the issue appellant

seeks to raise here on the merits. Whether congestion or trial conflicts on the docket are valid grounds for a continuance under R. C. 2945.71 was expressly not decided.

Much of the confusion upon the question whether a denial of a motion to dismiss is appealable arises out of the strong language and action of the court in *State* v. *Cross* (1971), 26 Ohio St. 2d 270, where the trial court *granted* defendant's application to dismiss. Reference in the opinion to a mandatory duty and to "an independent statutory proceeding, limited and controlled by their own terms but unencumbered by a judicially legislated condition precedent," may arguably be said to justify a separate appeal; however, it is important that in the *Cross* case the trial court performed its mandatory duty, as it saw it under the facts, and *granted* defendants' application for dismissal. The allowance of the dismissal was a termination, prohibiting the state from proceeding with trial. It was final and for that reason and that reason only, it resulted in an appealable order. From this, it is apparent that the *Cross* case is not determinative of the instant situation where the motion was *denied* and no final order resulted.

The defendants in the instant cases have an adequate remedy in the ordinary course of the law to contest the trial courts denial of the motions to dismiss after there has been a final decision by the trial court.

Having reached this point, the long established law applicable to an appealable order requires that the instant motions to dismiss be sustained for lack of an appealable order and that the cases be remanded to the trial court for proceedings according to law. R. C. 2505.02; *State* v. *Lenhart* (1961), 116 Ohio App. 55; *State* v. *Chamberlain* (1964), 177 Ohio St. 104; *State* v. *Holbrook* (1957), 105 Ohio App. 414.

Resorting to a comparable situation, the loss of a civil remedy by way of the statute of limitations is similar to the right of a defendant to a discharge under R. C. 2945.71 et seq. In both situations, the passage of time, with exceptions, removes the remedy. In a civil case, the overruling

of the defense of the statute of limitations, in effect a motion to dismiss, does not provide a final judgment from which the defendant may appeal. *Hughes* v. *Everett* (1955), 71 Ohio Law Abs. 61. In addition to cases cited therein, see *Meyer* v. *Daniel* (1946), 147 Ohio St. 27; *Schindler* v. *Standard Oil Company* (1956), 165 Ohio St. 76, and *Trunk* v. *Hertz* (1964), 32 Ohio Op. 2d 264.

Returning to R. C. 2945.71 et seq., its language, though mandatory, does not approach the creation of a procedural device for a right to an interlocutory appeal. The language of the statute is totally deficient for that purpose. Accordingly, the argument that these sections constitute an "act of grace" and are jurisdictional as remedial legislation, as distinguished from substantive or procedural, even if accepted as true, does not advance the time when such a jurisdictional ruling may be appealed. Jurisdictional rulings do not by reason of their nature authorize separate appeals in civil or criminal cases. There is no reason why this situation should be any different under any construction or philosophical view of the inherent nature of speedy trial statutes.

While it may be a mistake to look to cases involving mandamus or other high writs for the prospective solution to questions of appellate review, it would appear that if a right existed for an interlocutory appeal from a denial of a motion to discharge a defendant, such an important right would have found its way into the decisions relating to this statute. The absence of such enlightenment and frequent resort to unusual writs suggests the total absence of any right to an interlocutory appeal under R. C. 2945.71 et seq.

The appealability of former R. C. 2945.72 was before this court in *State* v. *Roberts* (1957), 153 N. E. 2d 203, in a case arising in Clark County. A motion to dismiss, grounded upon the "three term" rule in R. C. 2945.72, was overruled by the trial court. This court held that the same rule applicable to a plea in abatement applied to an appeal from an order overruling the motion to dismiss. An order overruling a plea in abatement and an order overruling

a motion to dismiss are not final orders and are not appealable. In *Roberts,* this court *sua sponte* dismissed the appeal. The language of amended R. C. 2945.72 is substantially the same and requires the same decision.

Again in *State* v. *Miller* (1953), 96 Ohio App. 216, this court reached the same result on a motion to dismiss the indictment for want of a preliminary hearing. The substance of the case was different but the court reaffirmed its decision that the motion to dismiss was not a final order under G. C. 12223-3.

Accordingly, the decision of this court in *State* v. *Hayes,* No. 4753, rendered on April 3, 1975, holding that the overruling of a motion to dismiss under R. C. 2945.71 et seq. was a special statutory proceeding and appealable under R. C. 2505.02 is reversed. As pointed out by Judge Kerns in his dissent in the *Hayes* case, the language of independence and divorcement in *State* v. *Cross, supra,* was used to remove the statutory request for discharge from the operation of the demand rule and not for the purpose of allowing piecemeal appeals from preliminary orders that would delay criminal trials and compound possible injustice because of the failure to conduct speedy trials.

In *State* v. *Ritchie,* No. 4633, this court stated that "the procedural right to discharge or other statutory benefits cannot be enlarged by the court." The motion to certify was denied for lack of a substantial constitutional question. Again arguably, it may be said that R. C. 2945.71 to 2945.73 raise statutory not constitutional issues; however, if these sections are to be recognized as "independent, statutory preceedings" of a special nature under R. C. 2505.02, even though not terminal, recognition of an additional appellate right should be expressly announced first by the Supreme Court of Ohio. The recognition of such a new right by this court may well be considered as judicial legislation.

The motions to dismiss are sustained.

*Judgment accordingly.*

SHERER, P. J., and KERNS, J., concur.