THE STATE OF OHIO, APPELLEE, *v.* MILLER, APPELLANT.

(No. 537—Decided October 23, 1953.)

*Mr. George R. Smith,* prosecuting attorney, for appellee.

*Messrs. Schlafman & Elliott,* for appellant.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Common Pleas Court of Greene County overruling defendant's motion to dismiss the indictment.

On July 7, 1953, the grand jury returned an indictment against the defendant for forgery. On July 9 the defendant was arrested and released on bond. On July 10 the defendant pleaded not guilty and the matter was continued. Upon request of the defendant the bond posted in the Municipal Court of Xenia was

transferred to the Common Pleas Court. On July 23 the defendant moved to dismiss the indictment for the reason that prior to the indictment defendant had requested a preliminary hearing on the same charge in the Municipal Court of Xenia; that this case was still pending on the day the grand jury returned the indictment; and that the preliminary hearing had not been held. The charge in the Municipal Court of Xenia was dismissed on July 10.

The order appealed from is the overruling of defendant's motion to dismiss the indictment. This is not a final order within the meaning of Section 12223-3, General Code. The "judgment or final order" referred to in Section 13459-1, General Code, and "judgment or order" referred to in Section 13459-3, General Code, contemplate only such final orders as are defined in Section 12223-2, General Code. See 2 Ohio Jurisprudence, 170, 194, Sections 90 and 100. The order appealed from does not determine the action and prevent a judgment, and the action is still pending in the trial court.

The principal issue raised by the defendant is whether the grand jury had the authority to return an indictment against him while a charge for the same offense was pending in the Municipal Court of Xenia in which the defendant had requested a preliminary hearing, which had not been held at the time of the return of the indictment. Only the jurisdictional question can now be raised, as other defenses were waived by entering a plea of not guilty to the indictment. Section 13439-11, General Code. We draw from the defendant's brief the contention that the Common Pleas Court was without jurisdiction.

In our opinion, the grand jury, in the exercise of the authority conferred by Section 13436-5, General Code, may return an indictment against a defendant even

though such defendant has been charged with the same offense in a magistrate's court and has requested a preliminary hearing under the provisions of Section 13433-1, General Code, which has not been held at the time of the return of the indictment. The Common Pleas Court had jurisdiction to proceed against the defendant under the indictment.

It should be noted also that the examination or preliminary hearing in the Municipal Court of Xenia was postponed at the request of the defendant for a period of time in excess of that provided by Section 13433-1, General Code. The record does not show that both parties consented to such continuance. In such case such postponement "shall have the legal effect of a dismissal of said proceeding for want of prosecution." In the entry of dismissal the Municipal Court of Xenia found that it had lost jurisdiction. Such dismissal "shall not have the effect of a bar to any further proceeding upon the same charge." Section 13433-1, General Code.

The Common Pleas Court had jurisdiction, and it was not error to overrule the defendant's motion to dismiss the indictment.

The judgment is affirmed, and the cause is remanded for further proceedings according to law.

*Judgment affirmed.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.