OPINION
{¶ 1} Defendant-appellant, Sidney S. Hamilton, appeals from a judgment of the Franklin County Court of Common Pleas denying his requests for post-conviction relief. Because appellant's post-conviction petitions were not timely filed, we affirm the judgment of the trial court.
 {¶ 2} In 1993, appellant plead guilty to one count of attempted rape in violation of R.C. 2923.02 and 2907.02, and one count of gross sexual imposition in violation of R.C. 2907.05. On October 5, 1993, the trial court found appellant guilty of those charges and sentenced him to an indefinite prison term of not less than six years nor more than 15 years for the attempted rape conviction and a definite term of two years for the gross sexual imposition conviction. The trial court ordered these sentences served concurrently. Appellant did not file a direct appeal from his convictions.
 {¶ 3} On December 27, 1999, appellant filed a petition for post-conviction relief and requested an evidentiary hearing pursuant to R.C. 2953.21(A), (C) and (E). One year later, after the state failed to respond to his petition, appellant filed a motion for summary judgment on his claims for post-conviction relief. Appellant then filed a motion requesting his release from prison because his rights to a speedy trial were violated. The trial court denied all of appellant's motions.
 {¶ 4} Appellant appeals, assigning the following errors:
[1.] The trial court erred to the prejudice of appellant by not using judicial sound discretion in making findings of facts and conclusion of law pursuant to r.c. 2953.21(C), and is a reversal [sic] error.
[2.] The trial court erred and committed a reversible plain error when pursuant to evid.r. 401 and 402, pertinent records from the municipal court which demonstrated that the trial court was without competent jurisdiction pursuant to Sup.R. 7, Civ.R. 58, Crim.R. 32(B) and 52(b), were presented and denied.
[3.] The trial court erred to the prejudice of the appellant's (sic) by denying appellant's motion for summary judgment pursuant to R.C. 2953.21(D), where the state never filed an opposition to appellant's summary judgment, and appellant was denied an evidentiary hearing and denied facts and conclusion of law.
[4.] The trial court erred to the prejudice of the appellant by denying appellant's speedy trial pursuant to R.C. 2945.71, Where the trial court was without competent jurisdiction pursuant to Sup.R. 7, Civ.R. 58, Crim.R. 32(B) and 52(B).
[5.] Bad faith on the part of the state precludes them from making objection to appellant's appeal. denying appellant the right to a fair trial.
 {¶ 5} Initially, we note that the trial court considered appellant's motion for speedy trial as a second petition for post-conviction relief. We find no error in that decision. SeeState v. Roberson, Stark App. No. 2002CA00156, 2002-Ohio-4272, at ¶ 10, citing State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. Appellant's first, third, and fourth assignments of error all concern the trial court's denial of appellant's petitions for post-conviction relief. We will address these assignments of error together.
 {¶ 6} A defendant such as appellant who was sentenced prior to September 21, 1995, and does not file a direct appeal from the criminal conviction, must file a petition for post-conviction relief within 180 days after the time for a direct appeal from that conviction expires, or within one year of September 21, 1995, whichever is later. See State v. Walker (June 26, 2001), Mahoning App. No. 00CA-118; State v. Burke, Franklin App. No. 02AP-677, 2002-Ohio-6840, at ¶ 9; R.C. 2953.21(A)(2). Appellant was sentenced in October 1993, and his time for filing a post-conviction petition would have expired in May 1994. Accordingly, he had until the later date of September 21, 1996, to file his petitions for post-conviction relief. Appellant did not file his petitions until December 27, 1999, and May 2, 2003. Therefore, appellant's petitions were untimely.
 {¶ 7} A trial court is without jurisdiction to entertain an untimely petition for post-conviction relief unless petitioner demonstrates that one of the exceptions in former R.C. 2953.23(A) applies. State v. Lee (June 8, 2000), Franklin App. No. 99AP-668; Burke, supra. Those exceptions allow a trial court to consider untimely petitions for post-conviction relief in two situations: (1) where a petitioner shows that he was unavoidably prevented from discovering the facts upon which he relies to present his claims for relief; or (2) where a petitioner shows that the United States Supreme Court has recognized a new federal or state right, after the time period set forth in R.C.2953.21(A)(2) expired, that applies retroactively to the petitioner and that is the basis of his claim for relief. See former R.C. 2953.23(A)(1)(a) and (b). In either case, the petitioner must also show by clear and convincing evidence that, but for the constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense for which he was convicted. Id. at (A)(2).
 {¶ 8} Appellant did not allege, much less establish, that either of these exceptions applied to his petitions. With regard to former R.C. 2953.23(A)(1)(a), he did not allege that he was unavoidably prevented from discovering the facts upon which he relies in his petitions. Although appellant states he did not receive certain documents until 1999, he did not allege why he did not receive these documents until this time or why he was unavoidably prevented from obtaining the documents or from discovering the facts reflected therein. With regard to former R.C. 2953.23(A)(1)(b), appellant did not make any claim based on a new federal or state right recognized by the United States Supreme Court that could be retroactively applied to appellant's case. Furthermore, appellant cannot satisfy the requirement of former R.C. 2953.23(A)(2) that but for the constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense for which he was convicted. Appellant was convicted pursuant to his guilty plea and not by a trial. See State v. Halliwell (1999), 134 Ohio App.3d 730, 735;State v. Caplinger (June 29, 2001), Franklin App. No. 00AP-1463.
 {¶ 9} Because appellant failed to establish the applicability of either of the exceptions in former R.C. 2953.23(A), the trial court lacked jurisdiction to entertain his petitions for post-conviction relief. Walker and Lee, supra. Accordingly, the trial court did not err in denying appellant's petitions, although technically, the petitions should have been dismissed for lack of jurisdiction. Lee, supra; State v. Hensley,
Lorain App. No. 03CA008293, 2003-Ohio-6457, at ¶ 7. For the same reason, the trial court also did not err in denying appellant's motion for summary judgment. See State v. McGee, Lorain App. No. 01CA007952, 2002-Ohio-4249, at ¶ 11-15 (no need to address motion for summary judgment when petition dismissed as untimely). Moreover, a trial court is not required to issue findings of fact and conclusions of law in response to an untimely filed petition for post-conviction relief. State ex rel. Reynolds v. Basinger,99 Ohio St.3d 303, 2003-Ohio-3631, at ¶ 7. Appellant's first, third, and fourth assignments of error are overruled.
 {¶ 10} Our disposition of appellant's first, third, and fourth assignments of error renders moot appellant's second assignment of error, as it addresses the merits of his petition. See State v. Walls (June 22, 2000), Cuyahoga App. No. 76394;State v. Holt (Mar. 30, 2001), Miami App. No. 00CA-51. Even if we did address the merits of this assignment of error, appellant would not prevail. Appellant contends in his second assignment of error that the common pleas court lacked jurisdiction over him in 1993 because the municipal court did not hold a preliminary hearing after he was indicted. Appellant is mistaken. A preliminary hearing is not required once a defendant is indicted by a grand jury. State v. Morris (1975), 42 Ohio St.2d 307,326; State v. Zaffino, Summit App. No. 21514, 2003-Ohio-7202, at ¶ 12. The common pleas court obtains jurisdiction over a defendant upon a valid indictment. Dowell v. Maxwell (1963),174 Ohio St. 289, 290; State v. Miller (1953),96 Ohio App. 216, 218. Accordingly, because appellant was indicted by a grand jury, a preliminary hearing was not required and the common pleas court had jurisdiction over the matter.
 {¶ 11} Appellant contends in his fifth assignment of error that the state's bad faith in failing to disclose the trial court's lack of jurisdiction prevents it from contesting this appeal. However, as set forth above, the common pleas court had jurisdiction over appellant once he was indicted. Id. Therefore, the state did not act in bad faith. Appellant's fifth assignment of error is overruled.
 {¶ 12} In conclusion, the trial court did not err by denying appellant's untimely petitions for post-conviction relief. Appellant's first, third, fourth, and fifth assignments of error are overruled, and his second assignment of error is rendered moot by our disposition of those assignments of error. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bowman and Deshler, JJ., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.