JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Sammy Shaffer ("appellant"), appeals from the trial court's denial of his motion to dismiss counts 1-25 from the general division jurisdiction and his motion to dismiss for lack of jurisdiction based on expiration of statute of limitations. For the reasons set forth below, we dismiss this appeal for a lack of a final, appealable order.
 {¶ 2} On August 2, 2005, the Cuyahoga County Grand Jury indicted appellant on fifty-three counts alleging offenses of kidnaping, gross sexual imposition, felonious sexual penetration and disseminating obscene material to juveniles. Appellant pled not guilty to all charges in the indictment.
 {¶ 3} On October 26, 2005, appellant filed a motion to dismiss for lack of speedy trial, a motion to dismiss counts 1-25 from the general division jurisdiction, and a motion to obtain grand jury transcript. Additionally, appellant filed a motion to dismiss for lack of jurisdiction based on expiration of statute of limitations and a supplemental motion to dismiss for lack of speedy trial on November 15, 2005. Hearings were held regarding these motions on November 8, 2005 and November 28, 2005. At these hearings the court denied each of appellant's motions to dismiss and granted appellant's motion to obtain grand jury transcript.
 {¶ 4} Appellant now appeals and asserts two assignments of error for our review. Appellant's first assignment of error states:
 {¶ 5} "The State cannot rely on the application of R.C.2152.12(J), transfer of cases from Juvenile Court to the general division of the Court of Common Pleas, to a Defendant who had not reached the minimum age requirement pursuant to the statute in effect at the time of the alleged offense."
 {¶ 6} Appellant's second assignment of error states:
 {¶ 7} "Retroactive changes in the measure of punishment are ex-post facto when the punishment is enhanced from the potential sentence at the time of the alleged offense."
 {¶ 8} Because we find that the trial court's denials of appellant's motion to dismiss counts 1-25 from general division jurisdiction and the motion to dismiss for lack of jurisdiction are not final, appealable orders, we dismiss this appeal.
 {¶ 9} The Ohio Constitution confers upon appellate courts "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals." Section3(B)(2), Article IV, Ohio Constitution.
 {¶ 10} The requirement that appeals be from "judgments or final orders" in criminal cases is incorporated in R.C. 2953.02, which provides, in relevant part:
 {¶ 11} "* * * in any * * * criminal case, including a conviction for the violation of an ordinance or a municipal corporation, the judgment or final order of a court of record inferior to the court of appeals may be reviewed in the court of appeals. * * *"
 {¶ 12} Therefore, before proceeding with an appeal in a criminal case, there must be a sentence which constitutes a judgment or a final order amounting to the disposition of the cause. State v. Eberhardt (1978), 56 Ohio App.2d 193, 196,381 N.E.2d 1357; State v. Chamberlain (1964), 177 Ohio St. 104,107-108, 202 N.E.2d 695.
 {¶ 13} First, we find that the trial court's orders denying appellant's motion to dismiss counts 1-25 from the general division jurisdiction and his motion to dismiss for lack of jurisdiction based on expiration of statute of limitations are not "sentences" which constitute judgments. Neither are the orders "judgments" which amount to a disposition of the cause. Consequently, the remaining inquiry is whether the trial court's orders denying appellant's motions to dismiss are "final orders," as defined in R.C. 2505.02.
 {¶ 14} The definition of "final order" applies to both criminal and civil appeals and is prescribed in R.C. 2505.02, which states in relevant part:
 {¶ 15} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 16} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment * * *."
 {¶ 17} Both categories of final orders that are relevant to this appeal mandate that, in order to be final and appealable orders, the trial court's orders denying appellant's motions to dismiss must affect a substantial right. This court extensively defined a "substantial right" in City of Cleveland v. Solomon
(Apr. 15, 1999), Cuyahoga App. No. 75348. In so doing, we stated:
 {¶ 18} "A `substantial right' for purposes of R.C. 2505.02 is a legal right entitled to enforcement and protection by law.State ex rel. Hughes v. Celeste (1993), 67 Ohio St.3d 429, 430,619 N.E.2d 412. A court order which deprives a person of a remedy which he would otherwise possess deprives that person of a substantial right. Chef Italiano Corp. v. Kent State Univ.
(1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64."
 {¶ 19} In Solomon, supra, we further explained that:
 {¶ 20} "An order which affects a substantial right has also been interpreted to be one which, if not immediately appealable, would foreclose appropriate relief in the future. Lawrence v.Metrohealth Ctr. for Skilled Nursing, 1996 Ohio App. LEXIS 5469 (Dec. 5, 1996), Cuyahoga App. No. 70519, citing Bell v. Mt.Sinai Med. Ctr. (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181. To establish that an order affects a substantial right, the appellant must establish that in the absence of immediate review of the order, he or she will be denied effective relief in the future. Id." Solomon, supra.
 {¶ 21} We note that it is well-established that an order overruling a motion to dismiss an action is not a final order from which an appeal may be taken. Polikoff v. Adam (1993),67 Ohio St.3d 100, 103, 616 N.E.2d 213; Solomon, supra; State v.Torco Termite Pest Control (1985), 27 Ohio App.3d 233, 235-236,500 N.E.2d 401 (no final order exists upon the overruling of a motion to dismiss on statute of limitations grounds); State v.Miller (1953), 96 Ohio App. 216, 217, 121 N.E.2d 660 (order denying a motion to dismiss an indictment is not a final order). The reason being that an order denying a motion to dismiss does not determine the action, nor does it foreclose the possibility of relief in the future. See, e.g., Solomon, supra; TorcoTermite Pest Control, supra; Miller, supra. We find the same to be true in this instance.
 {¶ 22} Here, the trial court's orders overruling appellant's motion to dismiss counts 1-25 from the general division jurisdiction and his motion to dismiss for lack of jurisdiction based on expiration of statute of limitations are not final orders for purposes of R.C. 2505.02. The trial court's orders denying appellant's motions to dismiss do not determine the action or necessarily prevent a judgment for appellant. Furthermore, the trial court's orders do not foreclose appropriate relief in the future. The alleged errors are of such a nature that they may be preserved and presented to this court when and if appellant appeals the entire cause. Accordingly, the trial court's denials of appellant's motions to dismiss do not affect a substantial right, and thus, are not final orders pursuant to R.C. 2505.02.
 {¶ 23} As appellant's motion to dismiss counts 1-25 from the general division jurisdiction and his motion to dismiss for lack of jurisdiction based on expiration of statute of limitations are not judgments or final orders pursuant to R.C. 2953.02, we find that we lack jurisdiction to entertain appellant's appeal.
Appeal dismissed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and Kilbane, J., concur.