OPINION
{¶ 1} Defendant-appellant, Jesus Sevilla ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas in which the court denied his petition for postconviction relief. Appellant was convicted of murder and attempted murder, as well as the firearm specification for each count. Appellant was sentenced accordingly, and we affirmed his convictions on June 7, 2007. See State v. Sevilla, Franklin App. No. 06AP-954, 2007-Ohio-2789. *Page 2 
 {¶ 2} On February 27, 2008, appellant filed a petition for postconviction relief pursuant to R.C. 2953.21. Therein, appellant argued that he received ineffective assistance of trial counsel and that the interpreter's translations were incorrect. After the parties fully briefed appellant's petition, the trial court denied appellant's petition, concluding that: (1) appellant's claims were barred by the doctrine of res judicata; and (2) appellant's petition failed to comply with the requirements found in R.C. 2953.21(C). Appellant appeals, assigning the following as error:
 THE JUDGMENT OF CONVICTION IS CONTRARY TO LAW AND TO THE SIXTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES IN THAT THE APPELLANT DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 3} "A petition for postconviction relief is a statutory vehicle designed to correct the violation of a defendant's constitutional rights." State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 28. Though designed to address alleged constitutional violations, the postconviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. State v. Calhoun
(1999), 86 Ohio St.3d 279, 281; State v. Steffan (1994),70 Ohio St.3d 399, 400. It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. Hessler, at ¶ 32, citing State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233. Appellant does not have a constitutional right of postconviction review. Calhoun, at 281. Rather, postconviction relief is a narrow remedy that affords appellant no rights beyond those granted by statute. Id. A postconviction relief petition does not provide a petitioner a second opportunity to litigate his or her conviction. Hessler, supra. *Page 3 
 {¶ 4} The statute relevant to our discussion is R.C. 2953.21(A)(2), which provides that:
 Except as otherwise provided in section 2953.23
of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 {¶ 5} In the present case, appellant filed a direct appeal of his convictions and sentencing, and it is undisputed that he did not file his petition for postconviction relief within 180 days of the transcript being filed in the court of appeals, which was on November 2, 2006. Therefore, appellant must satisfy the criteria set forth in R.C. 2953.23
to allow the late filing of the postconviction petition. R.C. 2953.23(A)(1) provides that a court may not entertain a petition for postconviction relief filed outside the 180-day period unless both of the following apply:
 (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder *Page 4 
would have found the petitioner eligible for the death sentence.
Unless the above criteria are satisfied, a trial court lacks jurisdiction to consider any petition filed more than 180 days after the time for filing. State v. Raines, Franklin App. No. 03AP-1076, 2004-Ohio-2524.
 {¶ 6} Here, appellant's petition was filed well after expiration of the time period provided by R.C. 2953.21(A)(2). Therefore, appellant was required to show the existence of the grounds listed in R.C. 2953.23(A)(1). Appellant's petition did not allege, much less establish, that either of those exceptions applied to his petition. Rather, appellant contends that he was unable to comply within the timeframe set forth in the statute because Ross Correctional Institute does not provide adequate legal resources to non-English speaking inmates, like appellant. Such, however, does not meet the pertinent exceptions in R.C. 2953.23(A), and we note that similar arguments have been rejected by courts in analogous situations. See, e.g., Cobas v. Burgess (C.A.6, 2002), 306 F.3d 441, 444 ("Courts that have considered the issue have rejected the claim that an inability to understand English provides a reason for a court to toll the § 2244(d)(1) statute of limitations.");United States v. Posada-Rios (U.S.Dist.Tex., 2007), case No. H-97-137-2.
 {¶ 7} Because appellant failed to satisfy the criteria set forth in R.C. 2953.23, the trial court lacked jurisdiction to entertain his petition for postconviction relief. State v. Russell, Franklin App. No. 05AP-391, 2006-Ohio-383; State v. Hamilton, Franklin App. No. 03AP-852,2004-Ohio-2573. Accordingly, the trial court did not err in denying appellant's petition, although technically appellant's petition should have been dismissed *Page 5 
for lack of jurisdiction. Russell, supra; Hamilton, supra. As such, we do not reach the merits of appellant's petition.
 {¶ 8} Based on the foregoing, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed, albeit on different grounds.
Judgment affirmed.
FRENCH, P.J., and KLATT, J., concur.