[Cite as *State v. Carter*, 2013-Ohio-4637.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                     CASE NO. 1-13-26

    v.

WILLIAM T. CARTER,                       O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2009-0186

Judgment Affirmed

Date of Decision: October 21, 2013

APPEARANCES:

    *F. Stephen Chamberlain* for Appellant

    *Jana E. Emerick* for Appellee

**PRESTON, P.J.**

{¶1} Defendant-appellant, William T. Carter, appeals the Allen County Court of Common Pleas' judgment entry denying his second post-conviction petition. We affirm.

{¶2} On October 26, 2009, Carter pled guilty to Count One of kidnapping in violation of R.C. 2905.01(A)(2), a first degree felony; and, Count Two of aggravated robbery in violation of R.C. 2911.01(A)(3), a first degree felony, pursuant to a written plea agreement. (Oct. 26, 2009 Tr. at 1-4, 12); (Doc. No. 25). Both counts carried repeat violent offender (RVO) specifications pursuant to R.C. 2929.01(D)(D) and 2941.149. (*Id.*); (*Id.*). The State agreed to request a pre-sentence investigation report as part of the plea agreement but did not agree to remain silent at sentencing. (Doc. No. 25).

{¶3} On December 16, 2009, the trial court sentenced Carter to ten years on each count, but the trial court ordered that the terms run concurrent to each other due to merger. (Dec. 18, 2009 JE, Doc. No. 32). The trial court also sentenced Carter to ten years on each of the RVO specifications but ordered that those terms run concurrent to each other due to merger. (*Id.*). The trial court further ordered that the ten-year term for the RVO specifications run first and consecutive to the ten-year term imposed for the underlying offenses, for an aggregate 20-year sentence. (*Id.*).

{¶4} On January 13, 2010, Carter filed a notice of appeal. (Doc. No. 35). On December 27, 2010, this Court reversed and remanded for resentencing with instructions that the trial court allow the State to elect which offense it would pursue for sentencing purposes.

{¶5} On April 6, 2011, Carter filed a motion to withdraw his guilty plea. (Doc. No. 52).

{¶6} On June 16, 2011, the trial court overruled Carter's motion to withdraw and resentenced him to ten years on Count Two of aggravated robbery after the State elected to proceed on the same. (Doc. Nos. 67, 69). The trial court also imposed ten years for the RVO specification affiliated with Count Two, and further ordered that Carter serve that 10-year term first and consecutive to the ten years imposed for the underlying offense, for an aggregate 20-year sentence. (Doc. No. 69).

{¶7} On July 13, 2011, Carter filed a notice of appeal from the trial court's decision denying his motion to withdraw his guilty plea, which was assigned appellate case no. 1-11-36. (Doc. No. 72). On November 28, 2011, this Court affirmed the trial court's decision. (Doc. No. 88).

{¶8} On November 10, 2011, Carter, pro se, filed a notice of appeal from the trial court's June 21, 2011 judgment entry of resentencing, which was assigned

appellate case no. 1-11-65. (Doc. No. 82). This Court denied Carter leave to file this delayed appeal on December 27, 2011. (Doc. No. 96).

{¶9} On January 13, 2012, Carter filed a post-conviction petition pursuant to R.C. 2953.21. (Doc. No. 93). Carter argued that the trial court represented to his attorney that it would consider resentencing him to only five years on the RVO specification if Carter withdrew his motion to withdraw his guilty plea. (*Id.*). Carter maintained that, because he refused to withdraw his motion, the trial court punished him by resentencing him to 10 years on the RVO specification. (*Id.*). Carter also filed that same day a motion asking Judge Warren to recuse himself in light of his post-conviction petition's allegations. (Doc. No. 94).

{¶10} On January 19, 2012, the trial court denied the motion to recuse, and then, on January 27, 2012, denied Carter's petition without a hearing. (Doc. Nos. 97-98).

{¶11} On February 15, 2012, Carter, pro se, filed a notice of appeal from the trial court's judgment denying his petition. (Doc. No. 100). On September 24, 2012, this Court affirmed the trial court's judgment. (Doc. No. 107).

{¶12} On March 21, 2013, Carter, pro se, filed a second post-conviction petition, which is the subject of this appeal. (Doc. No. 109). Carter alleged that he was denied effective assistance of counsel during the plea bargaining negotiations pursuant to *Missouri v. Frye*, 132 S.Ct. 1399 (2012). In particular,

Carter alleged that trial counsel gave him misinformation regarding merger of allied offenses, the nature of the charges, and the maximum sentence, and trial counsel failed to conduct a diligent investigation. (Doc. No. 109).

{¶13} On April 4, 2013, the trial court denied the petition without a hearing, finding that the issue of ineffective assistance was barred by res judicata, and, alternatively, Carter failed to show ineffective assistance since the record demonstrated that Carter entered his guilty plea voluntarily and knowingly. (Doc. No. 110).

{¶14} On May 2, 2013, Carter, pro se, filed a notice of appeal. (Doc. No. 112). The trial court thereafter appointed Carter appellate counsel. (Doc. No. 117). Carter now appeals raising one assignment of error.

### Assignment of Error

**The Trial Court below committed an error prejudicial to the Defendant by ruling the the [sic] Rulings of the Supreme Court of the United States in Missouri v. Frye and Lafler v. Cooper should not be applied in the Defendant's case as retroactive pronouncements of Constitutional Law allowing the Defendant a full evidentiary hearing on Post Conviction [sic] Relief outside of the 180 day time limitation as set by Ohio Statute.**

{¶15} In his sole assignment of error, Carter argues that the trial court failed to apply the U.S. Supreme Court's decisions in *Missouri v. Frye* and *Lafler v. Cooper* to his case. 132 S.Ct. 1399 (2012); 132 S.Ct. 1376 (2012). Carter acknowledges that his post-conviction petition is outside the 180-day time

limitation; however, he argues that R.C. 2953.23(A)(1)'s exception applies since *Frye* and *Cooper* declared a retroactive constitutional right applicable to his case. Carter further asserts that trial counsel was ineffective during the plea negotiations because: (1) his signature on the plea negotiation form was not genuine; and, (2) trial counsel advised him to plead to the indictment as charged and failed to negotiate a lesser sentence or even obtain the State's silence at sentencing.

{¶16} As Carter acknowledges, post-conviction petitions must generally be filed within 180 days after the trial transcripts are filed in the court of appeals, if a direct appeal is filed. R.C. 2951.23(A)(2). Carter admits that his petition is untimely under this general rule. However, R.C. 2953.23 provides, in pertinent part:

> (A) * * * [A] court may not entertain a petition filed after the
>
> expiration of the period prescribed in division (A) of that section or a
>
> second petition or successive petitions for similar relief on behalf of
>
> a petitioner unless division (A)(1) or (2) of this section applies:
>
> (1) Both of the following apply:
>
> (a) * * * subsequent to the period prescribed in division (A)(2) of
>
> section 2953.21 of the Revised Code or to the filing of an earlier
>
> petition, the United States Supreme Court recognized a new federal

or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.

**{¶17}** This Court has repeatedly stated that R.C. 2953.23(A) divests a trial court of jurisdiction to hear a petition after the expiration of the one-hundred eighty day period set by R.C. 2953.21(A)(2) *unless* an exception under R.C. 2953.23(A)(1) or (2) is met. *State v. Draper*, 3d Dist. Putnam No. 12-10-07, 2011-Ohio-773, ¶ 12; *State v. Morgan*, 3d Dist. Shelby No. 17-04-11, 2005-Ohio-427, ¶ 5-6. "Once a court has determined that a petition is untimely, no further inquiry into the merits of the case is necessary." *Morgan*, at ¶ 6, citing *State v. Beaver*, 131 Ohio App.3d 458 (11th Dist.1998). Trial courts should *dismiss* untimely post-conviction motions for lack of jurisdiction; nevertheless, a trial court does not commit reversible error by *denying* an untimely post-conviction petition. *State v. Hatfield*, 10th Dist. Franklin No. 07AP-784, 2008-Ohio-1377, ¶ 8, citing *State v. Hamilton*, 10th Dist. Franklin No. 03AP-852, 2004-Ohio-2573, ¶ 9 and *State v. Hensley*, 9th Dist. Lorain No. 03CA008293, 2003-Ohio-6457, ¶ 7.

{¶18} The facts of this case do not fall within the holdings of *Frye* and *Cooper*. In *Frye*, the U.S. Supreme Court held that trial counsel had a duty to communicate the terms of a plea offer to a defendant and that counsel may be ineffective for failing to do so. 132 S.Ct. 1399. There is nothing in the record to indicate that trial counsel failed to communicate the terms of the plea offer to Carter triggering *Frye*. In fact, the trial court went over the terms of the agreement with Carter during the change of plea hearing, and Carter acknowledged his understanding of the same. (Oct. 26, 2009 Tr., *passim*). Furthermore, despite his allegations on appeal that his signature on the plea agreement was not genuine, Carter signed the plea agreement in open court and acknowledged the signature as his own. (*Id.* at 10-11). It is noteworthy that, prior to accepting Carter's change of plea, the trial court informed Carter that whether the sentences would run concurrently or consecutively was a contested issue the parties would brief and that would be decided at the sentencing hearing. (*Id.* at 4).

{¶19} In *Cooper*, the U.S. Supreme Court held that counsel may be ineffective when counsel's advice led to the rejection of a plea deal that would have resulted in a lesser sentence. 132 S.Ct. 1376. There is no indication in the record that trial counsel advised Carter to reject a plea offer making *Cooper* applicable herein.

{¶20} Consequently, regardless of whether *Frye* and *Cooper* created a retroactive constitutional right triggering R.C. 2953.23(A)(1)(a)'s exception to the 180-day time limitation, *Frye* and *Cooper* do not apply in this case. Therefore, the trial court was presented with an untimely post-conviction petition under R.C. 2951.23(A) and should have dismissed it for lack of jurisdiction. *Draper* at ¶ 12; *Morgan* at ¶ 5-6. Nevertheless, the trial court did not commit reversible error by denying Carter's petition in this case. *Hatfield* at ¶ 8, citing *Hamilton* at ¶ 9 and *Hensley* at ¶ 7.

{¶21} Carter's assignment of error is, therefore, overruled.

{¶22} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS and SHAW, J.J., concur.**

**/jlr**