[Cite as *State v. Huellen*, 2016-Ohio-459.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-T-0118** |
| MICHAEL DOUGLAS HUELLEN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Court of Common Pleas, Case No. 2014 CR 00016.

Judgment: Appeal dismissed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Luwayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Michael Douglas Huellen,* pro se*,* PID: LW9251, SCI Pittsburgh, P.O. Box 99991, Pittsburgh, PA  15233 (Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1}  Appellant, Michael Douglas Huellen, pro se, filed a notice of appeal on November 16, 2015.  There was no appealed judgment entry attached to his notice of appeal; however, appellant indicated on his notice that he was a appealing from an October 19, 2015 decision of the trial court.  That entry was filed with the trial court on October 20, 2015.

{¶2} The record reflects that on February 5, 2015, appellant was indicted on charges of theft, receiving stolen property, and possessing criminal tools.

{¶3} In the October 20, 2015 entry, the trial court denied appellant's motion to dismiss the indictment against him on the grounds that the state of Ohio failed to initiate proceedings against him within 180 days as required by R.C. 2963.30.

{¶4} Appellee, the state of Ohio, has filed a motion to dismiss the appeal for lack of a final appealable order.

{¶5} No brief or memorandum in opposition to the motion has been filed.

{¶6} Pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal from a criminal case if the appeal is from a "judgment or final order."

{¶7} In addition, R.C. 2505.02(B) defines a final appealable order, in part, as the following:

{¶8} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶9} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶10} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶11} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶12} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

2

{¶13} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶14} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. * * *"

{¶15} Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107 (1964).

{¶16} In the instant matter, the trial court has merely denied appellant's pretrial motion to dismiss the indictment. There has been no sentence issued yet. Further, the entry does not qualify as a final appealable order under R.C. 2505.02. Additionally, orders denying a motion to dismiss an indictment on speedy trial grounds have been held to not be final appealable orders. *See State v. Shaffer,* 8th Dist. Cuyahoga No. 87552, 2006-Ohio-5563.

{¶17} This appeal is premature since there is no final judgment which could be the subject of an appeal at this time. Thus, appellee's motion to dismiss for lack of a final appealable order is granted.

{¶18} Appeal dismissed.


DIANE V. GRENDELL, J.,
TIMOTHY P. CANNON, J.,
concur.

3