[Cite as *State v. Carter*, 2017-Ohio-4354.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,              CASE NO. 1-17-09

    v.

DAMION LAMARR CARTER,            O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR96 01 0007

**Judgment Affirmed**

Date of Decision:   June 19, 2017

APPEARANCES:

    *Damion Lamarr Carter,* **Appellant**

    *Jana E. Emerick* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Damion Lamarr Carter ("Carter"), brings this appeal from the February 8, 2017, judgment of the Allen County Common Pleas Court denying Carter's petition for post-conviction relief related to a 1996 murder conviction. On appeal, Carter argues, *inter alia*, that his guilty plea was not knowingly, intelligently, and voluntarily entered, that he received ineffective assistance of counsel during his original court proceedings, and that the trial court erred when it failed to hold an evidentiary hearing pursuant to R.C. 2945.71.

*Procedural History*

{¶2} On January 11, 1996, Carter was indicted for Aggravated Murder in violation of R.C. 2903.01(B) with a firearm specification. On March 8, 1996, Carter pled guilty to the amended charge of Murder in violation of R.C. 2903.02(A) with a firearm specification. Cater was sentenced to serve 15 years to life on the Murder conviction and a mandatory 3-year prison term on the firearm specification. The prison terms were ordered to be served consecutive to each other for an aggregate prison term of 18 years to life. Carter did not file a direct appeal of his conviction or sentence to this court.

{¶3} Since his initial sentencing, Carter has filed multiple petitions for post-conviction relief and multiple motions to withdraw his guilty plea. First, in 1999 Carter filed a "Petition to Vacate or Set Aside Sentence." In the petition, Carter

argued that he received ineffective assistance of counsel at the trial court level. The trial court denied Carter's petition, considering it both as a post-conviction petition and as a motion to withdraw his guilty plea. Carter filed for reconsideration with the trial court, which was denied, then he filed an untimely appeal to this Court, which was dismissed.

{¶4} In October of 2007, Carter filed another petition for post-conviction relief. The trial court found that the petition was untimely and noted that it could dismiss the petition; however, the trial court also found that Carter's arguments were barred by res judicata. The trial court thus denied Carter's petition.

{¶5} In September of 2012, Carter filed a motion to withdraw his guilty plea arguing, *inter alia*, that his right to a speedy trial had been violated. Carter's motion was denied, with the trial court finding that Carter's plea was knowingly and voluntarily entered. Carter appealed to this Court in *State v. Carter*, 3d Dist. Allen No. 1-12-43 (Mar. 11, 2013), and we affirmed the trial court's denial of Carter's motion to withdraw his guilty plea.

{¶6} Carter then filed another motion to withdraw his guilty plea in August of 2013, arguing, *inter alia*, that his plea was not knowing, voluntary, and intelligent due to ineffective assistance of counsel. That motion was denied by the trial court as having no merit even if it was not barred by res judicata. Carter appealed to this Court and this Court dismissed the appeal.

**{¶7}** In October of 2013, Carter filed a third petition for post-conviction relief. The trial court again denied Carter's petition and he appealed to this Court. We again dismissed Carter's petition finding that "[t]he trial court and this Court on appeal have already determined that, for numerous reasons, there is no merit to Appellant's request for post-conviction relief." *State v. Carter*, 3d Dist. Allen No. 1-13-57 (Nov. 19, 2013).

**{¶8}** On February 6, 2017, Carter filed yet another petition for post-conviction relief. The trial court denied Carter's motion, providing a thorough explanation that Carter's petition was untimely by well over a decade and that he failed to demonstrate any exceptions allowing filing outside of the 365-day time limit.[1] The trial court also found that Carter's arguments were barred by res judicata. The trial court's judgment entry denying Carter's petition was filed February 8, 2017. It is from this judgment that Carter appeals asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**Carter's guilty plea was not [entered] knowingly, intelligently, and voluntarily it was the product of government interference with R.C. §2945.71, Carter's right to effective assistance of counsel for his defense, right to a fair and speedy trial, right to due process and equal protection of the law under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I §10 of the Constitution of the State of Ohio.**

---

[1] At the time of Carter's conviction, the time limit was only 180 days. Regardless of which time limit was applied here, Carter is far beyond the requisite limit.

**Assignment of Error No. 2**
**Carter's guilty plea was not [entered] knowingly, intelligently, and voluntarily it was the product of coercion by defense counsel Maria Santo who had purposely and wantonly provided Carter with erroneous advice and assistance to deny Carter a dismissal and discharge pursuant to R.C. §2945.71, right to effective assistance of counsel for his defense, and the right to a fair and speedy trial in violation of Carter's Sixth and Fourteenth Amendment to the United States Constitution and Article I §10 of the Constitution of the State of Ohio.**

**Assignment of Error No. 3**
**Trial Court erred prejudice [sic] when it denied Carter an evidentiary hearing on a R.C. §2945.71 violation.**

{¶9} Due to the disposition we will address all of the assignments of error together.

*First, Second, and Third Assignments of Error*

{¶10} In Carter's assignments of error he makes various contentions arguing that his conviction should be overturned or that he should be at least allowed to withdraw his guilty plea. Carter has made the same or similar arguments numerous times to the trial court and to this Court in the past. As the procedural history of this case demonstrates, we have repeatedly found that Carter's post-conviction petitions are untimely, that Carter has demonstrated no exception to the post-conviction timelines, and that even if the petitions were timely, the arguments contained therein are barred by res judicata.

{¶11} The same analysis that this Court has referenced in the previous Carter decisions is applicable here. Carter's petition is untimely. "Failure to file on time

-5-

negates the jurisdiction of the trial court to consider the petition, unless the untimeliness is excused under R.C. § 2953.23(A)(1)(a)." *State v. Brown,* 2d Dist. Darke No. 1747, 2009–Ohio–3430, ¶ 17 (citation omitted). While exceptions to the time limits for post-conviction relief petitions exist as stated in R.C. 2953.23, none of them are applicable here. Therefore, the proper action by the trial court would have been to dismiss Carter's petition.

**{¶12}** Although trial courts should technically dismiss untimely post-conviction motions for lack of jurisdiction, a trial court does not commit reversible error by denying an untimely post-conviction petition. *See*, *e.g.*, *State v. Hatfield*, 10th Dist. No. 07AP-784, 2008-Ohio-1377, ¶ 8, citing *State v. Hamilton*, 10th Dist. No. 03AP-852, 2004-Ohio-2573, ¶ 9 and *State v. Hensley*, 9th Dist. No. 03CA008293, 2003-Ohio-6457, ¶ 7. Here, while the trial court should have dismissed Carter's petition due to a lack of jurisdiction, the trial court proceeded to address Carter's arguments and determined that his arguments were barred by the doctrine of res judicata as they could have been raised on a timely, direct appeal. *State v. Perry*, 10 Ohio St.2d 175 (1967) ("Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction,

or on an appeal from that judgment."). We agree with the trial court that even if Carter's claims were timely, they are barred by res judicata. His assignments of error are thus not well-taken, and they are all overruled.

*Conclusion*

{¶**13**} For the foregoing reasons Carter's assignments of error are overruled and the judgment of the Allen County Common Pleas Court is affirmed.

***Judgment Affirmed***

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**