[Cite as *State v. Carter*, 2018-Ohio-1772.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO. 1-18-06

      v.

WILLIAM T. CARTER,                O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2009 0186

**Judgment Affirmed**

**Date of Decision: May 7, 2018**

APPEARANCES:

    *William T. Carter*, Appellant

    *Jana E. Emerick* for Appellee

**ZIMMERMAN, J.**

{**¶1**} This case, having been placed on the accelerated calendar, is *sua sponte* being moved to the regular calendar.

{**¶2**} Defendant-appellant, William T. Carter ("Carter"), appeals the January 5, 2018 judgment entry of the Allen County Common Pleas Court denying his motion to vacate sentences. Because we find the denial was proper as set forth by the trial court, we affirm the trial court's decision denying appellant's motion.

*Facts and Procedural History*

{**¶3**} In October, 2009, Carter pled guilty to one count of kidnapping, in violation of R.C. 2905.01(A)(2), a first degree felony; and one count of aggravated robbery, in violation of R.C. 2911.01(A)(3), a first degree felony. (Doc. 25). Both counts carried repeat violent offender specifications pursuant to R.C. 2929.01(C)(C) and R.C. 2941.149. (*Id*). Carter was sentenced to ten years on each count plus an additional consecutive ten years (for each count) for the repeat violent offender specifications. The trial court ordered the two counts to run concurrent to each other, for an aggregate 20-year prison term. Carter filed a timely appeal and this Court reversed defendant's sentence (due to the trial court's failure to properly merge the two offenses prior to sentencing) and remanded the case to the trial court for a new sentencing hearing. See *State v. Carter*, 3d Dist. 1-10-04 (Dec. 27, 2010), unreported.

{¶4} On April 6, 2011, Carter filed a motion to withdraw his guilty plea in the trial court. (Doc. 52). On June 16, 2011, the trial court held a hearing on Carter's motion and subsequently denied the motion. However, pursuant to our remand order, a new sentencing hearing was also held in the trial court on that date wherein the State elected to proceed with sentencing on Carter's aggravated robbery conviction. The trial court then resentenced Carter to ten years for aggravated robbery and ten years for the repeat violent offender specification affiliated with the aggravated robbery. The trial court ordered the sentences to run consecutively, for an aggregate 20-year sentence.

{¶5} On July 13, 2011, Carter appealed the trial court's decision denying his motion to withdraw his guilty plea. (Doc. 72). And on November 28, 2011, this Court affirmed the trial court's decision. (Doc. 88). See *State v. Carter*, 3d Dist. Allen No. 1-11-36, 2011-Ohio-6104. On November 10, 2011, Carter filed a notice of appeal from the trial court's June 21, 2011 judgment entry of *resentencing* and on December 27, 2011, this Court denied Carter's motion for leave to file this delayed appeal. (Docs. 82 and 96).

{¶6} Thereafter, on January 13, 2012, Carter filed a petition for post-conviction relief (Doc. 93), which was denied by the trial court on January 27, 2012. (Doc. 98). Carter appealed that decision (Doc. 100), and this Court affirmed the trial court's decision. (Doc. 107). See *State v. Carter*, 3d Dist. 1-12-06, unreported.

{¶7} On March 21, 2013, Carter filed a second petition for post-conviction relief (Doc. 109), which was denied by the trial court on April 4, 2013. (Doc. 110). On May 2, 2013, Carter appealed that decision (Doc. 112) and this Court affirmed the trial court's decision on October 21, 2013. (Doc. 129). See *State v. Carter*, 3d Dist. Allen No. 1-13-26, 2013-Ohio-4637.

{¶8} On June 20, 2013, Carter filed a "motion to vacate void RVO sentence" (Doc. 118), which was denied by the trial court on June 25, 2013. (Doc. 120). Carter appealed that decision and this Court dismissed the appeal. (Doc. 130).

{¶9} On May 21, 2014, Carter filed a "motion to withdraw guilty plea" in the trial court (Doc. 132), which was denied (by the trial court) on May 30, 2014. (Doc. 134). On June 17, 2014, Carter appealed that decision (Doc. 136) and this Court affirmed the trial court's decision on November 24, 2014. (Doc. 144). See *State v. Carter*, 3d Dist. No. 1-14-23, unreported.

{¶10} On December 27, 2017, Carter filed a "motion to vacate sentences", which brings us to the case currently before this court. (Doc. 146). On January 5, 2018, the trial court denied the motion ruling that Carter could have raised that issue in a prior appeal and thus, was barred by the doctrine of *res judicata*. (Doc. 148).

{¶11} It is from this judgment that Carter currently appeals, raising the following assignments of error for our review.

**ASSIGNMENT OF ERROR NO. I**

**THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT TREATED HIS PROPER MOTION TO VACATE SENTENCES AS A POST CONVICTION PETITION.**

**ASSIGNMENT OF ERROR NO. II**

**THE TRIAL COURT ERRED IN FAILING TO SENTENCE THE APPELLANT AS STATUTORILY REQUIRED BY LAW TO MANDATORY PRISON TERMS ON THE UNDERLYING OFFENSE AS WELL AS THE REPEAT VIOLENT OFFENDER SPECIFICATION AND THEREFORE IMPOSED A SENTENCE THAT IS CONTRARY TO LAW, UNAUTHORIZED BY LAW AND VOID IN VIOLATION OF APPELLANT'S DUE PROCESS AND EQUAL PROTECTION RIGHTS.**

{¶12} Due to the nature of Carter's assignments, we elect to address them out of order.

*Assignment of Error No. II*

{¶13} In Carter's second assignment of error, he contends that the trial court erred in imposing its sentences and that such sentences (of Carter) are contrary to law. We disagree.

*Res Judicata*

{¶14} Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that "was raised or could have been raised by the defendant at

the trial, which resulted in that judgment of conviction, or on an appeal from that judgment". *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. Further, "[i]t is well-settled that, 'pursuant to *res judicata*, a defendant cannot raise an issue in a [petition] for post-conviction relief if he or she could have raised the issue on direct appeal' ". *State v. Lindsay*, 5th Dist. Richland No. 16CA39, 2017-Ohio-595, citing *State v. Elmore*, 5th Dist. Licking No. 2005-CA-32, 2005-Ohio-5940, ¶ 21, quoting *State v. Reynolds*, 79 Ohio St.3d 158, 161 (1997).

*Analysis*

**{¶15}** At the outset, we find Carter's motion to vacate sentences is a petition for post-conviction relief. We note that due to our reversal of Carter's first appeal in 2010 and his subsequent resentencing in the trial court in June, 2011, the prison sentence in question is set forth in the trial court's June 21, 2011 entry. (Doc. 69). We further note that Carter failed to timely appeal his resentencing and we denied his request to file a delayed appeal. (Doc. 96). Nevertheless, Carter filed his most recent post-conviction motion (to vacate sentences) in the trial court on December 27, 2017.

**{¶16}** The trial court may consider an untimely petition for post-conviction relief pursuant to R.C. 2953.23(A), which states:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for

similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or * * *.

(c) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed * * * and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case * * * and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense * * *. R.C. 2153.23(A)

{¶17} In the case *sub judice*, Carter makes no claim in his motion that results of DNA testing establish, by clear and convincing evidence, actual innocence. Additionally, Carter has failed to show any newly-discovered evidence to support his claim. Carter argues that his sentence is contrary to law because the trial court imposed a non-mandatory prison term. Any errors as to this issue that were or could have been raised on his direct appeal are barred under the doctrine of *res judicata*.

"Under the doctrine of *res judicata*, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in judgment of conviction or on appeal from that judgment." *Perry*, supra.  Therefore, we cannot find that the trial court erred by denying Carter's claim based on the doctrine of *res judicata*.  Thus, Carter's second assignment of error is not well taken and overruled due to *res judicata*.

{¶18} Based on our findings in Carter's second assignment of error, we find that Carter's first assignment of error is rendered moot.

{¶19} Having found no error prejudicial to the appellant herein in the particular assignments of error, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON, J., concurs.**

**WILLAMOWSKI, P.J., concurring separately.**

{¶20} I am writing separately because although I agree with the logic and result of the majority opinion, I want to clarify that in my opinion res judicata would not apply if the sentence were truly void.  The Ohio Supreme Court has stated that

since no court has authority to impose a sentence that is contrary to law, if the trial court does so the principles of res judicata do not prevent appellate review. *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 22. "The sentence may be reviewed at any time, on direct appeal or by collateral attack." *Id*. quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 30. Thus, if the sentence were void, as is suggested by Carter, it would be subject to appellate review.

**{¶21}** In this case, Carter is arguing that his sentence was void because the judgment entry did not indicate that his prison terms were mandatory, even though the statute mandates that they be. Carter's argument is not supported by statute.

> **The failure of the court to notify the offender that a prison term is a mandatory prison term pursuant to division (B)(3)(a) of this section or to include in the sentencing entry any information required by division (B)(3)(b) of this section does not affect the validity of the imposed sentence or sentences.**

R.C. 2929.19(B)(8)[1]. Where applicable, the statute provides a method for the trial court to correct any error by issuing a nunc pro tunc sentencing entry. *Id*. Given the statutory language, there is no basis for finding the sentence to be void. Therefore, the doctrine of res judicata applies.

---

[1] This statutory section refers to the version in effect at the time of the original sentencing. The current version contains identical language which can be found at R.C. 2929.19(B)(7).